# Ross v. Lawson.

## Trial of the Right to Property.

1. *Statutory claim suit; prima facie case; burden of proof.*—In the
trial of the right to property levied on under an execution to which a
claim has been interposed as directed by statute, the plaintiff makes
out a *prima facie* case, when he shows that the defendant in execution
was in possession of the property at the time it was levied upon and
seized under the execution, and the burden is then cast upon the
claimant to show title in himself.

2. *Same; charge to the jury*—Where in the trial of the right to
property levied on under an execution, to which a claim has been in-
terposed under the statute, it was shown that at the time of the levy
the property levied upon was in a house occupied by the defendant in
execution and his wife, the claimant, and the defendant stated to the
officer making the levy that his wife bought the property levied on
and claimed it as belonging to her, but there was no evidence that the
house was owned by claimant or that the property levied on belonged
to her other than it was in said house, a charge is not erroneous

[Ross v. Lawson.]

which instructs the jury that, although the defendant in execution may have said at the time of the levy that the claimant bought the property levied on, yet, if they believe this statement was not made in good faith, and if the defendant was in possession, the jury must find for the plaintiff, unless the claimant has shown title in herself; since the clause as to the *bona fides* of the statement of defendant, although not necessary, does not vitiate the remaining clause as a proper charge.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was a statutory claim suit, which was instituted by Mrs. J. R. Lawson interposing a claim to certain household furniture, which had been levied upon under an execution issued upon a judgment recovered by M. J. Ross, the appellant, against J. R. Lawson, the husband of the claimant. On the trial of the case, as is shown by the bill of exceptions, S. M. Reeves was introduced as a witness for the plaintiff, and testified that he was the deputy sheriff of Pike county, and levied the execution in this case; that he found the goods claimed in the house occupied by J. R. Lawson and his wife, the claimant; that a few days before he made the levy he went to Lawson's house, and asked Mrs. Lawson if she claimed any of the property there, and she answered that she did not. On cross-examination, said Reeves testified that on the day he made the levy J. R. Lawson was present, and stated "that his wife bought the property claimed; and Mrs. Lawson claimed the property belonging to her." The bill of exceptions then recites : "There was no evidence that Mrs. Lawson owned the house in which she and her husband resided, or that she had the exclusive possession of the house, other than the occupancy by the claimant and her husband, or the furniture in it, other than it was in the house and used by her." It was further shown that the plaintiff had recovered a judgment against J. R. Lawson, the husband of the claimant, and that the execution levied upon the property in controversy was issued upon said judgment; and the plaintiff proved each item of the furniture which was levied upon and claimed. The plaintiff requested the court to . give the following written charge, and duly excepted to the court's refusal to give it : "Although J. R. Lawson may have said at the time of the levy, that his wife bought the property levied on, yet, if the jury believe

[Ross v. Lawson.]

that this statement was not made in good faith, and if they further find that J. R. Lawson was in the possession, then they must find for the plaintiff, unless Mrs. Lawson has shown title in herself."

There was judgment for the claimant. Plaintiff appeals, and assigns as error the refusal of the court to give the charge asked by him.

M. N. CARLISLE, for appellant.

J. D. GARDNER, contra.

HARALSON, J.—1. The authorities hold, that in the case of the trial of the right of property levied on under execution, to which a claim has been interposed under the statute, the plaintiff makes a *prima facie* case, entitling him to a verdict, when he shows that the defendant in execution was in the possession of the property at the time it was levied and seized by the officer under the execution. The burden is then cast upon the claimant to show title in himself.—*Shahan v. Herzberg*, 73 Ala. 62; *Jackson v. Bain*, 74 Ala. 330.

2. The charge requested by the plaintiff, which raises the only question presented for review, when analyzed, asserts no more than that if the jury believe that the defendant in execution was in possession of the property when it was levied on, they must find for the plaintiff, unless the claimant has shown title in herself.

The proof showed, that the levy on the goods was made by S. M. Reeves, a deputy sheriff, who testified, that a few days before he made the levy, he went to the house occupied by J. R. Lawson—the defendant in execution—and his wife, the claimant, and asked Mrs. Lawson, if she claimed any of the property there, and her reply was, that she did not. The witness, however, testified further, on cross-examination, that on the day he made the levy, the defendant was present, and stated that his wife bought the property levied on and claimed it as belonging to her. There was no proof that the house belonged to Mrs. Lawson, and no other proof of her right or title to the property, further than that it was in the house used and occupied by her and her husband.

The first part of the charge had reference to this state

[Louisville & Nashville Railroad Co. v. Cochran.]

of the proof, and to the *bona fides* of the statement of defendant, that the property had been bought and was claimed by his wife, which statement was the only proof of her title. She might have bought it, and claimed it, in a literal sense, and still it may not have been hers. Whether or not it belonged to her, would have depended, at last, on the fact, whether she had bought and paid for it with her own money. The statement of the charge, therefore, that "although J. R. Lawson may have said at the time of the levy, that his wife bought the property levied on, yet, if the jury believe that this statement was not made in good faith," although not necessary to that part of the charge which followed, and which contained its real instruction, did not vitiate it as a proper and legal charge, viz. : that "if they further find, that J. R. Lawson was in the possession, then they must find for the plaintiff, unless Mrs. Lawson has shown title in herself." The issue being tried, as formulated, was: Is the property levied on the property of the defendant in execution? The charge requested, very properly submitted this question, under the evidence of the cause, to the determination of the jury, and its refusal was error.

Reversed and remanded.