## Choctaw C. & M. Co. v. Moore.

### Injury to Servant.

(Decided November 20, 1913.　63 South. 558.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint averring in each count the relationship of employer and employee between plaintiff and defendant, and in the first count alleging that plaintiff in the discharge of his employment while riding on a car in the entry of defendant's mine, was thrown therefrom and injured by a defect in the condition of the ways, works, machinery, etc., and in the 2nd and 3rd counts alleging the negligence of the superintendent of defendant for failure to warn him, and negligence of defendant in failing to provide him a reasonable safe place in which to work, were each good as against the demurrers interposed.

2. *Same; Pleading; Conclusion.*—A plea setting up that there was a safe way for plaintiff to ride, as he knew, but that he negligently adopted a dangerous method, is demurrable because not setting out the safe method of riding.

3. *Evidence; Opinion; Conclusion.*—A question to a servant as to who had superintendence over him under the rules of the master is not objectionable as calling for a conclusion.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by William Moore, by next friend, against the Choctaw Coal & Mining Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of

Appeals under section 6 of the Acts of 1911, p. 450. Affirmed.

Count 1, after setting out the relation of employer and employee between plaintiff and defendant, alleged that while plaintiff was in the discharge of his duty under his employment, and was riding on a car in the fifth east entry of the mine operated by defendant, he was thrown from said car, dragged and crushed, and permanently injured; the statement of the injuries being set forth. The negligence alleged was proximately caused by a defect in the condition of defendant's ways, works, machinery, or plant, in that the roof of the mine at the point where plaintiff was injured in said entrance was so defective that it caught plaintiff between the car and the said roof, inflicting the injuries complained of, etc.

The second count is based on the same state of facts, and the negligence alleged is that of one Fitts, who had superintendence intrusted to him, and while in the exercise of such superintendence, negligently ordered plaintiff to go into said east entrance in said mine without warning him of the danger of the defective roof. Count 3 is based upon the same state of facts, and the negligence alleged is the failure of defendant to provide plaintiff with a reasonably safe place in which to work, on account of the defective condition of the roof.

Plea 8 is as follows: "That there was at said time and place a safe way for plaintiff to ride upon the car to his destination, yet, knowing of the safe way, he negligently elected to ride, and did negligently ride, upon the top of said car, which was dangerous, and thereby proximately contributed to his own injury, and that safe way to ride upon said car was then and there to ride upon the bumpers between the said cars, and that

[Choctaw C. & M. Co. v. Moore.]

plaintiff well knew of said safe way to ride upon said car."

JOHN T. ELLISON, DANIEL COLLIER, and R. H. WRIGHT, for appellant. Counsel discuss the errors assigned, but without citation of authority.

JEROME T. FULLER, and LAVENDER & THOMPSON, for appellee. The assignments of error on the pleading are not sufficient to cause a review of the same.—*Williams v. Spraggins,* 102 Ala. 424; *Sylacauga L. Co. v. Hendricks,* 103 Ala. 254. In any event, the several counts of the complaint were sufficient.—*Sloss-Sheffield v. Tripplett,* 58 South. 108; *New C. C. & C. Co. v. Kilgore,* 58 South. 966; *Jackson L. Co. v. Cunningham,* 141 Ala. 206; *Leach v. Bush,* 57 Ala. 145. The pleas were subject to the demurrers interposed.—Authorities supra.

ANDERSON, J.—Counts similar to 1, 2, and 3, have been repeatedly held good as against such grounds of demurrer as those here taken.

Plea 8, if not otherwise bad, was defective for failing to set out the safe way that was open to the plaintiff; that there was a safe or safer way was but the conclusion of the pleader. Indeed, this plea was subsequently amended so as to set out the safe or safer way and to which, as amended, there was no demurrer.

The question to the plaintiff, as to who had superintendence of him under the rules of the defendant, was not objectionable as a mere conclusion, and there was no error in overruling the appellant's objection.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.