(85 South. 453)

## MARBURY LUMBER CO. v. HEINEGE.
### (3 Div. 417.)

(Supreme Court of Alabama. Feb. 5, 1920. Rehearing Denied May 20, 1920.)

**1. Master and servant ⬳258(1)—Complaint for injury need not allege kind of braces which should have been furnished.**

Complaint for injury to servant through negligent failure of superintendent to furnish proper appliances for supporting or bracing platform need not allege the character or kind of appliances that should have been furnished.

**2. Evidence ⬳471(31)—Statements that one was in charge of work not conclusion.**

Witness may testify that D. was in charge of the work, or that he got his orders from D. and that D. gave the orders and directions to the men.

**3. Trial ⬳79—Objection to modified question necessary.**

On repeating, in a slightly different form, of a question to which objection had been sustained, objection must be made to it or the answer.

**4. Evidence ⬳471(31)—Stating who had superintendence, not conclusion.**

A witness may testify as to who had superintendence over him under the rules of the master.

**5. Appeal and error ⬳971(2)—Finding witness an expert, not revised.**

Evident finding by trial court that witness to sufficiency of bracing of platform, who had testified he had been a carpenter for years, was an expert, will not be revised on appeal.

**6. Evidence ⬳513(1) — Expert may give opinion as to safety of platform.**

An expert may give his opinion as to unsafety of a platform and as to how it could have been made safer.

**7. Master and servant ⬳204(1) — Servant does not assume risk of superintendent's negligence.**

Defense of assumption of risk is not available in action under Code 1907, § 3910, subd. 2, for injury to servant through negligence of superintendent.

**8. Master and servant ⬳289(4) — Servant not contributorily negligent as matter of law in going on platform.**

A servant was not as matter of law guilty of contributory negligence in going on a platform without knowing it had been properly braced; he having a right to rely to some extent on the superintendent seeing it was safely braced before sending him to work on it, and the evidence not conclusively showing that he knew it was not properly braced or that it was in a dangerous condition.

**9. Trial ⬳228(4)—Instruction properly refused as unintelligible.**

Requested instruction *held* elliptical, and therefore unintelligible, and so properly refused.

**10. Master and servant ⬳264(11)—Recovery not prevented by concurrence of negligence not charged.**

Though the complaint for injury to a servant from fall of an old platform only charges failure to properly brace it, yet there may be a recovery if, had it been properly braced, it would have withstood the contact of a new tank which, being improperly braced, fell on the old platform, occasioning its fall.

**11. Appeal and error ⬳1004(3)—Refusal of new trial for excessive verdict, not disturbed.**

Refusal of a new trial on the ground of the verdict being excessive cannot be held error, the jury having been properly instructed and having had sufficient data to warrant the amount of the verdict.

Appeal from Circuit Court, Autauga County; Gaston Gunter, Judge.

Action by Mary Heinege, as administratrix, against the Marbury Lumber Company, for damages for the death of her intestate, while in the employment of the defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

The counts of the complaint referred to are as follows:

B. Plaintiff, suing as administratrix of the estate of Frank Heinege, deceased, claims of the defendant * * * for that she avers that on * * * the defendant was engaged in the business, in the county of Autauga, state of Alabama, in tearing down or razing a certain platform or structure, and then and there her said intestate was a servant or employé of the defendant in the service or business of the defendant as a carpenter, and while in the performance of his duties as such servant or employé he was upon said platform or structure, to wit, 50 feet from the ground, and then and there said platform or structure fell and broke to the ground, and by reason thereof and as a proximate consequence thereof plaintiff's in-

testate received personal injuries from which he died on, * * * to plaintiff's damages as such administratrix; hence she sues. Plaintiff avers that her said injuries and damages to her intestate were proximately caused by the negligence of one Davis, whose Christian name is to the plaintiff unknown, and who was then and there a person in the service or employment of the defendant and who had superintendence over said work of tearing down or razing said platform or structure intrusted to him, and whilst in the exercise of said superintendence, in this, that said Davis negligently failed to furnish proper appliances for supporting or bracing the said platform or structure, while said work was being done.

Count E is the same as B, except that the name of the superintendent is alleged to be unknown to plaintiff.

The following charges were refused to the defendant:

(5) If the jury should find from some phase of the evidence, taken into connection with all 'of' the evidence, that the fall of the scaffold of the old tank was the proximate result of the timbers of the new tank falling against it, the plaintiff cannot recover under the pleadings in this case.

(6) There is no charge in the' pleadings in this case of negligence in not sufficiently guying the timber, posts, or bents of the new tank, and even if the jury should find from the evidence that it was not sufficiently guyed with ropes or not otherwise properly braced, and that} rits fall caused the old scaffold or tank tower to fall and injure plaintiff's intestate, plaintiff cannot recover.

Rushton, Williams & Crenshaw, of Montgomery, and N. D. Denson & Sons, of Opelika, for appellant.

Counts B and E were defective, and subject to the demurrers interposed. 130 Ala. 456, 30 South. 586. Error infected the rulings of the court on the evidence. 169 Ala. 341, 53 South. 176, Ann. Cas. 1912B, 461; 135 Ala. 504, 33 South. 482; 149 Ala. 539, 43 South. 355; 6 Ala. App. 505, 60 South. 421; 83 Ala. 96, 3 South. 600. The court was in error as to the measure of damages, and the verdict was excessive. 91 Ala. 548, 8 South. 360; 92 Ala. 231, 9 South. 335; 93 Ala. 350, 9 South. 870.

Hill, Hill, Whiting & Thomas and Eugene Ballard, all of Montgomery, and P. E. Alexander, of Prattville, for appellee.

The counts complained of were sufficient. 183 Ala. 314, 62 South. 804; 194 Ala. 314, 69 South. 921; 171 Ala. 216, 55 South. 93; 197 Ala. 367, 72 South. 641; 144 Ala. 265, 40 South. 306. There was no error in the rulings upon the evidence. 175 Ala. 211, 57 South. 477; 184 Ala. 449, 63 South. 558; 191 Ala. 408, 67 South. 604; 168 Ala. 626, 53 South. 162; 196 Ala. 94, 71 South. 995; 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45.

ANDERSON, C. J. [1] This case was submitted to the jury upon counts B and E. They are under subdivision 2 of section 3910 of the Code of 1907, and are, for all practical purposes, identical, except that one charges the negligence to Superintendent Davis while the other ascribes the negligence to an unknown superintendent. These counts under our system of pleading sufficiently set forth the relationship of the parties, the duty owing from the one to the other, the nature and character of the work, and the cause of the intestate's death proximately resulting from the negligence of the defendant's superintendent in failing to furnish or provide sufficient appliances for supporting or bracing the platform or structure while the work was being done, and that the negligence occurred while in the exercise of such superintendence, etc. While there were several grounds of demurrer interposed, the chief one relied upon by appellant's counsel is No. 7, challenging the failure of the counts to specify the character or kind of appliances that should have been furnished for bracing or supporting the platform or structure. We do not think that this specific averment was necessary to make the counts good. L. & N. R. R. Co. v. Jones, 130 Ala. 456, 30 South. 586; Williamson Iron Co. v. McQueen, 144 Ala. 265, 40 South. 306; Tenn. Co. v. Moore, 194 Ala. 138, 69 South. 540,'and numerous cases there cited. The trial court did not, therefore, err in overruling defendant's demurrer to these counts.

[2-4] The trial court did not err in permitting the witness Holland to testify that Charlie Davis was in charge of the work, or that he got his orders from said Davis, and that Davis gave the orders and directions to the men. Nor will the trial court be put in error in permitting the said witness to testify that Mr. Davis was superintendent, as there was no objection to the question or the answer. There had been a previous objection which was sustained as to who was superintendent, but when the question was repeated in a slightly different form there was no objection to the question or answer. Moreover, this court has held that a witness may testify as to who had superintendence over him under the rules of the master. Choctaw Co. v. Moore, 184 Ala. 449, 63 South. 558.

[5, 6] The trial court did not err in permitting this witness Holland to testify as to the sufficiency of the props, or as to how the structure should have been braced or propped. The witness had previously testified that he had been a carpenter for eight or ten years, and the trial court evidently found that he was an expert, and which finding will not be revised by this court. Ala. Consol. Co. v. Heald, 168 Ala. 626, 53 South. 162. The witness being an expert could give his opinion as to the unsafety of the platform and as

to how it could have been made safer. Burnwell Co. v. Setzer, 191 Ala. 408, 67 South. 604.

[7, 8] There was evidence from which the jury could infer that the defendant's superintendent in charge of the work was guilty of negligence in failing to supply sufficient braces or supports for the structure, and that said failure was the proximate cause of the death of plaintiff's intestate. The defendant was not, therefore, entitled to the general charge upon the idea that the plaintiff had failed to make out her case. Nor was the defendant entitled to the general charge upon the theory that the intestate had assumed the risk or was guilty as matter of law of contributory negligence. This action being under subdivision 2 of section 3910 of the Code of 1907, and predicated upon the negligence of a superintendent, the assumption of risk by the intestate was not an available defense. L. & N. R. R. Co. v. Handley, 174 Ala. 593, 56 South. 539; Woodard Co. v. Andrews, 114 Ala. 243, 21 South. 440. The intestate was not as matter of law guilty of contributory negligence in going upon the platform without first knowing that it had been properly braced, as he had a right to rely to some extent upon the superintendent's seeing that the structure had been safely braced before sending him to work upon the platform, and the evidence does not conclusively show that the intestate knew that the structure was not properly braced or that it was in a dangerous condition when he went to work upon the top of same.

[9] There was no error in refusing the defendant's requested charge 5. If not otherwise faulty, it was elliptical, and therefore unintelligible.

[10] There was no error in refusing the defendant's requested charge 6. True, counts B and E charge a failure to furnish braces or supports to the old or existing platform or structure and not the new tank or supports to same; yet, if the latter was not properly guyed and fell and caused the old one to fall, the old one may have withstood the contact of the other had it been properly braced or supported, and the jury could have inferred under the hypothesis of this charge that this failure to support or brace the old tank or structure was a proximate cause of the intestate's death, and if such was the case the defendant was not entitled to a verdict as directed by the charge.

[11] The trial court, in the oral charge, seems to have adhered to the rule of computation as laid down in the case of Reiter-Connolly Co. v. Hamlin, 144 Ala. 220, 40 South. 280, as to instructing the jury, and there was sufficient data furnished the jury as to intestate's earning capacity as a carpenter and farmer as to warrant the amount of the verdict in question, and we cannot say that the trial court erred in not granting the new trial because the verdict was excessive.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.