(91 South. 259)

**MARCRUM v. SMITH et al.    (8 Div. 373.)**

(Supreme Court of Alabama.    Oct. 13, 1921.)

**1. Husband and wife ⊂⊃42—May enter into partnership arrangement.**

Husband and wife, under Code 1907, § 4497, may enter into a partnership agreement to perform services for another.

**2. Husband and wife ⊂⊃221—Proper and necessary parties to action for services which, as partners, they contracted to render to another.**

Where husband and wife enter into a partnership agreement to perform services for another, and then jointly contract with the other to render such services, each is a proper and necessary party plaintiff in action to recover for the services rendered under the contract. Code 1907, §§ 4487, 4492.

**3. Appeal and error ⊂⊃907(4)—Evidence warranting ruling presumed where bill of exceptions does not state that it contains all of evidence.**

Where the bill of exceptions, setting out certain evidence, does not state that it contains all of the evidence or the substance thereof, it will be presumed there was other evidence sufficient to warrant the refusal of the general affirmative charge, and the refusal of motion for new trial on the ground of the verdict being against the evidence.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Assumpsit by A. C. Smith and another against J. A. Marcrum, as administrator. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Judgment for plaintiffs, and defendant appeals. Affirmed.

The complaint alleges that plaintiffs made an agreement with the deceased during her lifetime to furnish her board and fuel, do her washing, and care for her, and that, in compliance with said agreement, they did furnish her board and fuel, do her washing, and care for her from March 5, 1918, to April 8, 1919.

Cooper & Cooper, of Huntsville, for appellant.

Counsel insists that the affirmative charge should have been given, but they cite no authority in support of their contention.

Betts & Richardson, of Huntsville, for appellees.

The parties plaintiff were properly joined. Sections 4487–4492, 4497, Code 1907; 109 Ala. 258, 19 South. 520; 120 Ala. 233, 25 South. 300; 90 Ala. 525, 8 South. 113. The bill of exceptions does not purport to contain all the evidence, and the court will presume that there was evidence authorizing the refusal of the affirmative charge. 95 Ala. 461, 11 South. 10; 16 Ala. App. 138.

MILLER, J. [1, 2] A. C. Smith and Mattie K. Smith sue J. A. Marcrum, as administrator of the estate of Mary A. Smith, deceased, under the common counts for board, washing, fuel, nursing, care, and attention of decedent from November 5, 1918, to April 8, 1919. There was jury trial and verdict for plaintiffs, judgment of court thereon, and defendant appeals.

A. C. Smith is the husband of Mattie K. Smith. The husband and wife may contract with each other except as prohibited by statute. Section 4497, Code 1907. They (the husband and wife) could contract together to perform the services rendered deceased as averred in the complaint, and thereby make themselves partners; and, if they jointly contracted with each other to render the services, and if they rendered them as contracted, then each would be a proper and necessary party plaintiff to recover under their express or implied contract, jointly made with the deceased, as averred in the complaint. Schlapback v. Long, 90 Ala. 525, 8 South. 113; sections 4492, 4497, 4487, Code 1907; Belser v. Tuscumbia Bkg. Co., 105 Ala. 517, 17 South. 40; Compton v. Smith, 120 Ala. 233, 25 South. 300.

There are three assignments of error, but in fact there is practically one. They are refusing, at request of defendant, by the court to give these written charges:

"If you believe the evidence, you cannot find for the plaintiffs under either count of the complaint in this case."

"If the jury believe the evidence in this case, the verdict should be for the defendant."

And the third assignment of error is in overruling appellant's motion for a new trial. This motion is based on refusal of the court to give those written charges, and that the verdict was contrary to the evidence and the law.

[3] The bill of exceptions does not purport to contain or state it is all, or in substance all, of the evidence in the case. It sets out certain evidence, but there is no express statement that all of the evidence or the substance thereof is contained therein. This being the condition of the record on the evidence, the court will presume there was other evidence sufficient before the court to warrant its ruling in refusing the general af-

firmative charges and in overruling the motion for new trial. Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Hood v. Pioneer Mining & Mfg. Co., 95 Ala. 461, 11 South. 10. Therefore we decide the court did not err in refusing to give those written charges, and in overruling the motion for a new trial. Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.