(97 South. 154)

**AMERICAN TRUST CO. OF NASHVILLE, TENN., v. HANNA et al. (6 Div. 139.)**

(Court of Appeals of Alabama. June 26, 1923.)

**1. Garnishment ☞218—Papers in original file held admissible against claimant, though some immaterial.**

On trial of claim to garnished money of a nonresident defendant, plaintiff, having to prove his connection with the levy, might introduce the papers in the original file, and, though some immaterial papers such as demurrers to pleadings were included, they could not have injured claimant.

**2. Garnishment ☞218—Prima facie case against claimant established by proof of possession in garnishee at time of garnishment.**

On trial of claim to garnished money, plaintiff, to make a prima facie case, must prove possession in the attachee bank at the time of service of garnishment, and connect himself with the levy of the garnishment.

**3. Appeal and error ☞907(4)—Sufficient evidence to sustain ruling and judgment presumed from silence of the bill of exceptions.**

In the absence of a statement in the bill of exceptions that it contains all the evidence, the appellate court will presume that there was sufficient evidence to sustain the overruling of claimant's motion for directed verdict and the judgment for plaintiff.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Attachment suit by Walter Hanna and C. R. Church, partners doing business as the Hanna Brokerage Company, against J. W. Scales, the American Trust Company of Nashville, Tenn., claimant. From a judgment for plaintiffs, claimant appeals. Affirmed.

Chas. H. Brown, of Birmingham, for appellant.

It was error to admit the pleadings and judgment against Scales, on the trial of the claim suit. Jennings v. Pearce, 101 Ala. 538, 14 South. 319; Peters v. Brunswick, etc. Co., 6 Ala. App. 507, 60 South. 431.

Murphy & Hanna, of Birmingham, for appellees.

Where the bill of exceptions does not purport to set out all the evidence, the appellate court will presume there was other evidence sufficient to support the judgment. Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Hood v. Pioneer Co., 95 Ala. 461, 11 South. 10; Hunt v. Johnson, 96 Ala. 130, 11 South. 390; Marcrum v. Smith, 206 Ala. 466, 91 South. 260, 20 A. L. R. 1303.

SAMFORD, J. This appeal is from a judgment in a claim suit, in which the plaintiff in the court below sued out an attachment against one Scales, a nonresident. A sheriff's garnishment was issued and served on the North Birmingham Trust & Savings Bank, to attach funds in the hands of said bank belonging to the defendant Scales. The bank answered, admitting the possession of the money, but suggesting claimant as the claimant, after which claimant claimed the money and issue was made up under the statute. The cause was tried by the court, without a jury, and judgment rendered for plaintiff.

[1,2] On the trial it became the duty of the plaintiff, in order that he make a prima facie case, to prove that the defendant in attachment was in possession of the property levied on at the time of the service of garnishment, i. e., in this case that the North Birmingham Bank was holding the funds for the defendant. Ross v. Lawson, 105 Ala. 351, 16 South. 890. It was also necessary for the plaintiff to connect himself with the levy of the garnishment, and to this end the various papers in the original file, showing the beginning of the suit, the issue of the attachment writ, the levy of the attachment, etc., were relevant in evidence as tending to prove plaintiff's right to recovery, and while there were some papers from the original file, such as demurrers to pleading, not material, their introduction could not be of any possible injury to claimant.

---

[1] 209 Ala. 36.

[3] Taking the testimony of Walter Hanna, in connection with the other evidence in the case and the reasonable deductions to be drawn therefrom, the court did not err in overruling claimant's motion, made at the closing of plaintiff's testimony, for a judgment for claimant. Moreover, the bill of exceptions fails to state that the bill of exceptions contains all of the evidence. In the absence of such a statement, this court will presume there was sufficient evidence adduced on the trial to sustain the judge in his ruling on this motion, as well as the judgment for plaintiff, which was finally rendered. This rule is now so well established in our practice as to admit of no doubt. Marcrum v. Smith et al., 206 Ala. 466, 91 South. 259, 20 A. L. R. 1303.

For the reason stated the judgment of the trial court must be affirmed.

Affirmed.