(104 So. 765)

### WARD et al. v. FORBUS.    (3 Div. 694.)

(Supreme Court of Alabama.    June 11, 1925.)

1. **Trespass 56—Unlawful taking of property, in rude, wanton, or reckless manner, authorizes exemplary damages.**

The unlawful taking of personal property, perpetrated in a rude, wanton, or reckless manner, will authorize imposition of exemplary damages against wrongdoer.

2. **Appeal and error 696(1)—Bill not considered as containing all evidence, where it does not expressly so state.**

Where bill of exceptions does not expressly state that it contains all or substance of all evidence introduced at trial, appellate court cannot hold that bill contains all evidence.

3. **Appeal and error 907(4)—Evidence warranting amount of damages assessed, and overruling of motion for new trial, presumed, where bill of exceptions does not state that it contains all the evidence.**

Where bill of exceptions does not state that it contains all or substance of all evidence, it will be presumed that there was sufficient evidence to justify amount of damages assessed, and to justify overruling of motion for new trial on ground of excessiveness of verdict.

4. **Appeal and error 933(1)—Denying new trial for excessiveness of verdict presumed free from error until record shows contrary.**

Appellate court will presume that trial court's order, overruling motion for new trial on ground of excessiveness of verdict, is free from error, until record shows contrary.

Appeal from Circuit Court, Lowndes County; Arthur E. Gamble, Judge.

Action for wrongful taking of property by J. A. Forbus against Arthur Ward, M. C. Fairchild, and O. B. Crocker. Judgment for plaintiff, and defendants appeal. Affirmed.

Keith & Wilkinson, of Selma, for appellants.

The discretion of the jury to award exemplary damages is not unbridled, and if it

appears that passion produced the result the verdict will be reduced. U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 L. R. A. 520.

J. R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for appellee.

The imposition of exemplary damages was justified in this case. Terry v. Williams, 148 Ala. 468, 41 So. 804; Burns v. Campbell, 71 Ala. 271. The bill of exceptions does not purport to contain all the evidence, and it will be presumed that there was sufficient evidence to authorize the verdict. Marcrum v. Smith, 206 Ala. 466, 91 So. 259, 20 A. L. R. 1303.

MILLER, J. This is a suit by J. A. Forbus against Arthur Ward and others, for damages for wrongfully taking from his possession a Ford truck, his property.

There were two counts in the complaint as submitted to the jury. Count 1 claims damages for the malicious, oppressive, willful, wanton, and wrongful taking from his possession this truck; and count 2, as amended, claims damages for wrongfully taking the truck, the property of the plaintiff. The defendants interposed plea of not guilty. The issue was tried by a jury; they returned a verdict in favor of plaintiff against all the defendants, and, from a judgment thereon by the court, this appeal is prosecuted by the defendants.

There are only three errors assigned. They are: (1) The court erred in overruling defendant's motion for new trial; (2) the court erred in overruling this motion on the ground the verdict of the jury was excessive; and (3) the court erred in overruling this motion on the ground that the jury was actuated by bias, prejudice, or other improper motives. These assignments were grouped and argued by appellant under one head, which was "that the verdict was excessive in that the amount of damages assessed showed that the jury was actuated by bias, prejudice, or other improper motives."

[1] "The unlawful taking of personal property, perpetrated in a rude, wanton, or reckless manner, or accompanied by circumstances of aggravation or oppression, will authorize the imposition of exemplary damages against the wrongdoer." Terry v. Williams, 148 Ala. 468, 472, 41 So. 804, 806. See, also, Burns v. Campbell, 71 Ala. 271, 292.

Each of these counts states a substantial cause of action. Their sufficiency is not questioned by appellant, and exemplary damages could be assessed by the jury if the evidence warranted it. Authorities supra. This automobile belonged to the plaintiff. There is much evidence in the record indicating that defendants took this automobile from the possession of plaintiff wrongfully, accompanied with rudeness and anger, in an insulting manner, under circumstances very aggravating, without any just provocation, and without any right to it. It is not required, nor is it necessary, that this evidence be narrated in this opinion.

The appellants insist the amount of the damages assessed by the jury is excessive, that it is not supported by the evidence, and that it shows they were biased or prejudiced or moved by some improper motive in fixing the amount of it.

[2] This motion for new trial, on that and other grounds, was overruled by the trial court. He saw and heard the witnesses who were examined before the jury in his presence. The bill of exceptions states that "the defendants introduced all the evidence offered in the trial of the cause" on the hearing of the motion, but the bill of exceptions fails to state it contains all or the substance of all of the evidence in the cause. It is not expressly stated in the bill of exceptions that it contains all or the substance of all the evidence introduced on the trial, and we cannot hold that it does under the decisions of this court. Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Hood v. Pioneer Mining & Mfg. Co., 95 Ala. 461, 11 So. 10.

[3] The verdict of the jury does not exceed the amount claimed in the complaint. Exemplary damages were claimed and could be allowed by the jury under the evidence. There is no evidence in the record affirmatively showing bias or prejudice or improper motive by the jury fixing the amount of the damages, And when the bill of exceptions fails to explicitly state it contains all the evidence or the substance of all the evidence, this court will presume, when exemplary damages are authorized and claimed in the complaint and allowed by the jury, not in excess of the amount claimed, that there was sufficient evidence before the jury to justify their verdict and the amount of damages assessed, and to justify the trial court in overruling a motion of defendants for a new trial on the ground the amount of the verdict is excessive. Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Hood v. Pioneer, etc., Co., 95 Ala. 461, 11 So. 10; Marcum v. Smith, 206 Ala. 466, 91 So. 259, 20 A. L. R. 1303.

[4] This court will presume this order of the trial court, overruling the motion for new trial on the grounds mentioned, is free from error, until the record shows the contrary. Marcum v. Smith, 206 Ala. 466, 91 So. 259, 20 A. L. R. 1303; Beadle v. Davidson, 75 Ala. 494; McCord v. Bridges, 207 Ala. 376, 92 So. 447.

The record fails to show the trial court erred in this ruling, so the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.