(109 So. 894)
### SOUTHERN RY. CO. v. JONES.
(6 Div. 989.)

(Court of Appeals of Alabama.  Oct. 26, 1926.)

**1. Railroads ⬳369(3)—Obstruction of view of track at point known to bei in continuous use as passway by pedestrians imposes greater duty of caution on trainmen.**

Obstruction by box cars of view of tracks from which train was approaching at point known to be in continuous use as passway by pedestrians imposes greater degree of caution on trainmen.

**2. Railroads ⬳400(15).**

Question of wantonness of railroad in injuring plaintiff at point known to be in continuous use as passway by pedestrians *held* for jury.

**3. Appeal and error ⬳907(4)—Evidence sufficient to support refusal of general charge and verdict will be presumed to exist, in absence of recital in bill that it contains all the evidence.**

In absence of recital in bill of exceptions that it contains all the evidence, Court of Appeals presumes that there was sufficient evidence to support refusal of general charge, and also sufficient evidence to support verdict of jury.

**4. Release ⬳55.**

To avoid a release, it is necessary to show mental incapacity of party making the settlement.

---

**5. Trial ⟨⟩260(1).**

Requested charges covered by court's given charges are properly refused.

**6. Trial ⟨⟩228(3).**

Requested charge that is elliptical is properly refused.

**7. Trial ⟨⟩253(9)—Requested charge, pretermitting consideration of evidence, held properly refused.**

In action for injuries sustained by wanton negligence of railroad, requested charge by railroad, pretermitting a consideration of extrahazard caused by position of box cars on railroad siding, and other surrounding circumstances, *held* properly refused, as misleading and abstract.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by J. T. Jones against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Bankhead & Bankhead, of Jasper, for appellant.

Where the enginemen in charge of a train are keeping a constant lookout ahead, while approaching a crossing, frequently used by the public, at a reasonable rate of speed, and a person suddenly jumps from behind a box car onto the track, immediately in front of the train, the railway company is not guilty of wanton negligence. Alabama Great Southern R. Co. v. Williams, 20 Ala. App. 635, 104 So. 682; Southern R. Co. v. Stewart, 179 Ala. 304, 60 So. 927; Louisville & N. R. Co. v. Heidtmueller, 206 Ala. 29, 89 So. 191. In order to avoid a release it is necessary to show mental incapacity of the party making the settlement. Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Louisville & N. R. Co. v. Huffstutler, 162 Ala. 619, 50 So. 146.

Gray & Powell, of Jasper, for appellee.

Failure of operatives to use precautions, where obstructions appear at places where some person is likely to come upon the track, may constitute wantonness. Illinois Cent. Co. v. Martin, 213 Ala. 617, 105 So. 805; North Alabama R. Co. v. Guttery, 189 Ala. 604, 66 So. 580.

SAMFORD, J. One of the last, if not the very last, pronouncement of the Supreme Court on the question of what it takes to constitute wantonness on the part of a railroad company, is to be found in the case of Illinois Cent. R. Co. v. Martin, 213 Ala. 617, 619, 105 So. 805, 806, where it is said:

"One of the precautions or duties imposed upon trainmen in passing a point known by them to be in such continuous use as a passway by pedestrians that some one is likely to be in a position of danger is to keep a lookout. If a curve in the track cuts off a proper lookout by the engineer, the duty devolves upon the fireman. If obstructions interfere, other precautions, such as reducing speed or giving warning signals, should be taken. The duty of keeping a lookout under such conditions applies to trespassers. To run at a high rate of speed through such zone without keeping a lookout may evidence such conscious disregard of duty in the face of known danger to life as that the jury may infer wantonness."

[1-3] The facts as testified to by plaintiff are even stronger than those in the Martin Case, supra. Here, in addition to similar facts, as in the Martin Case, supra, there were two box cars on defendant's side track, obstructing the view of the track from which the defendant's train was approaching, thus imposing a greater duty as to caution. Under the decision above cited we think the question of wantonness was properly left to the jury. Southern Ry. v. Stewart, 179 Ala. 304, 60 So. 927. Moreover, the bill of exceptions fails to recite that it contains all the evidence. In the absence of this recital we presume there was sufficient evidence to support the court's ruling in refusing to give at the request of defendant the general charge, and also sufficient evidence to support the verdict of the jury. Am. T. Co. of Nashville v. Hanna, 19 Ala. App. 301, 97 So. 154.

[4] In order to avoid a release it is necessary to show the mental incapacity of the party making the settlement. Beatty v. Palmer, 196 Ala. 67, 71 So. 422. This rule was recognized by the trial court in his rulings and charge to the jury. If the testimony of plaintiff is to be believed, he was so incapacitated mentally as not to be bound by the contract of release.

[5, 6] The legal principles embodied in refused charge 8 were fully and fairly given in written charges requested by defendant and in the oral charge of the court. Refused charge 16 is elliptical. Refused charge 18 is clearly and explicitly covered by the court in his oral charge.

[7] Refused charge 20 pretermits a consideration of the extrahazard caused by the position of the two box cars on defendant's siding and other surrounding circumstances and for that reason was misleading and abstract.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.