153 So. 661

**BARNES v. MONTGOMERY, Superintendent of Banks.**

**7 Div. 62.**

Court of Appeals of Alabama.
March 20, 1934.

A. L. Crumpton, of Ashland, for appellant.

H. H. Evans and J. B. Holman, Jr., both of Anniston, and Pruet & Glass, of Ashland, for appellee.

SAMFORD, Judge.

Plaintiff instituted his suit by attachment, and the claimant filed claim bond for the trial of the right of property under section 10375 of the Code of 1923. The original plaintiff was, after suit filed, adjudged a bank-

rupt and the suit was revived in the name of the trustee in bankruptcy for the benefit, etc. The claimant bank failed and was taken over by the state superintendent of banks and the state superintendent was substituted for the bank as claimant. The above changes as to the parties have no effect upon the questions involved in this appeal.

On the trial plaintiff introduced the attachment affidavit, attachment bond, attachment writ, sheriff's execution of the writ, showing levy on the property here involved, proof of the possession of the property levied on in J. T. McKay, the defendant in the original suit, the amount and value of the property, the claim bond, and affidavit filed by claimant. Plaintiff then offered to prove the ownership of the books and book accounts of plaintiff in W. V. Pirkle, for whose benefit and use the plaintiff was continuing the suit. There was judgment for claimant, and plaintiff appeals.

As we view this appeal it becomes unnecessary for us to pass upon the questions raised on the admission of the evidence. We suggest, however, that the claimant is not concerned as to the ownership of the account sued on. That question affects only the rights of the defendant in the original case.

The rule in this state applicable to the trial of the rights of personal property may be summarized as follows: In an issue framed under section 10375 of the Code of 1923 between the plaintiff in attachment and the claimant: (1) The burden of proof is, in the first instance, on the plaintiff to make out a prima facie case that the property levied on is the property of the defendant in execution. This burden is thus placed because he is required by the statute to assume the affirmative of this issue. Jackson v. Bain, 74 Ala. 328. (2) This burden is discharged sufficiently when it is shown by the plaintiff that the defendant in execution was in possession of the property at the time of the levy; such possession being presumptive of ownership. Jackson v. Bain, supra. This point having been reached, the burden then shifts to the claimant to prove title or a lien in himself entitling him to recover. Ross v. Lawson, 105 Ala. 351, 16 So. 890. The claimant offered no evidence on the trial. The plaintiff having made out a prima facie case was entitled to a judgment, and for a failure to render a judgment in accord with the evidence as adduced on the trial the judgment is reversed.

However, on another trial the claimant may introduce evidence to sustain its claim, and for that reason the cause is remanded.

Reversed and remanded.