178 So. 531

**MILLER et al. v. PHILLIPS.**

**6 Div. 250.**

Supreme Court of Alabama.

Jan. 27, 1938.

Boutwell & Pointer, of Birmingham, for appellee.

A. Leo Oberdorfer and R. D. Coffman, both of Birmingham, for appellants.

BOULDIN, Justice:

The appeal is from a decree on final settlement of the administration of an estate in the probate court.

The distributees appeal. The assignments of error relate to sundry items of debit and credit.

Appellee argues these questions cannot be reviewed because the bill of ex-

ceptions does not recite that it contains all the evidence before the trial judge. The recital in this regard is: "This was substantially all the testimony." "Testimony," it is insisted, is of more limited import than "evidence," in that the latter may include much documentary matter offered apart from testimony of witnesses.

The bill of exceptions disclosed documents, admitted in evidence, such as vouchers, beside a recital of the substance of oral testimony from witnesses.

While the recital is not as full as might be, we are impressed it is to be construed as equivalent to a statement that it contains "substantially all the evidence." So construed, it is sufficient. Ward v. Forbus, 213 Ala. 306, 104 So. 765.

The administrator, as a witness for himself, testified: "That each and all of the items of receipts and items of disbursements appearing upon the report of his acts and doings filed in this court is true and correct, and the items charged therein were correct expenditures made by him as administrator on said property."

Objection was interposed to this testimony, objection overruled, and exception reserved.

Thereupon, the administrator offered in evidence his report, a sworn itemized account of receipts and disbursements, with vouchers filed with and as a part of his report.

The distributees interposed objections on the ground that same was irrelevant, not legal evidence of the fact of disbursements, nor that they were for lawful claims.

The administrator had knowledge of his receipts, and of his disbursements.

The account and vouchers contained a written detail, a memorandum of the substance of his oral testimony; served to bring before the court in short order the status of the estate as claimed by the administrator.

The vouchers were not evidence of payments per se, but in connection with his oral testimony disclosed actual disbursements made, the amount thereof, to whom paid, and for what purposes.

From the entire record we are fully convinced these documents were admitted as "correct" in that respect, but not as evidence of the legality of such expenditures. The cause being tried by a judge both as to law and fact, we find no reversible error in these rulings.

Letters of administration were granted in December, 1926. No settlement, partial or final, was ever made until called to make settlement in September, 1936.

The estate consisted of cash on hand, $2,340.94, other personal effects, and a small farm of 115 acres. Decedent left a widow to whom exemptions were set apart. She occupied the farm as her homestead until her death in November, 1929.

Soon thereafter the administrator moved upon, occupied, cultivated, and received the income from the farm to the time of final settlement, a period of seven years. The estate owed no debts; but the wife of the administrator was one of the heirs, a tenant in common. Evidence further tended to show another heir requested the administrator to take possession of the farm, and other heirs made no objections.

Thus it appears the administrator held possession of the land in a dual relation; viz., in the right of his wife as a tenant in common, but also in a trust relation, as administrator.

Touching the personalty, a partial distribution of $1,800 from moneys on hand was made in 1928. The court found total receipts and lawful disbursements through 1928 left a balance in the administrator's hands of $407.86. Though kept on separate account, and not used by the administrator for his own purposes, the court charged him with lawful interest thereon from the date of partial distribution. This ruling was based on a finding that final settlement was due to be made at that date, and the long delay was unwarranted.

For like reasons, the administrator was denied credit for premiums paid on the administrator's bond for seven years; also credit for a list of items of expenses incurred in course of administration during this period.

The court charged the administrator with the reasonable rental value of the farm, as ascertained from the evidence for seven years, with interest thereon from the date each yearly rental would be due, aggregating $1,082.50. We see no good reason to disturb the court's finding as to rental values.

The court charged the administrator with $58, and interest thereon, the ascertained value of merchantable timber cut from the lands. It appearing that no logs nor lumber were sold as merchandise, but the product, less one-half going to the sawmill man, was

used in repairs and improvements on the farm, we find no error in limiting this item to stumpage value, the extent of waste upon the inheritance, nor manifest error in the amount so awarded. No question is presented calling for a decision on what constitutes waste.

Coming to disbursements, other than above mentioned, the court denied credit for a long list of items for labor and material employed in maintaining and repairing the buildings and fences on the farm, including some new fencing and small out buildings, and a bill for maintaining terraces on the farm. The court held these improvements, under the facts of the case, not such as the administrator could properly charge against the estate.

But the court did allow credit for a bill of roofing, upon the evidence that it was necessary for repairs, with other small items of like kind; also item for clearing lands, and item for terracing lands. Appellant challenges the allowance of these items.

It seems the court, having charged the administrator with the rents, denied credits for matters deemed in the nature of repairs due to be kept up by a tenant in possession, but allowed items deemed of permanent benefit and value to the inheritance. These improvements were not made a burden on the corpus. The rents far exceeded the allowances for these betterments. The court, in view of tenancy in common as affecting the possession of the administrator, was not unwarranted in looking to that fact in dealing with charges for use and occupation, and deductions therefrom for repairs which were betterments to the inheritance. It was quite apparent the court, in allowing some of these items and denying some, was trying to work out a result just to both sides. We are not convinced he failed of this purpose. Henderson v. Simmons, 33 Ala. 291, 70 Am.Dec. 590; Benagh v. Turrentine, 60 Ala. 557; Englehardt v. Yung's Heirs, 76 Ala. 534.

Appellants complain of the allowance of taxes paid by the administrator on these lands during the years he occupied same and had the use of enjoyment thereof, for which, however, he has been called to account. We concur with the trial court in allowing this credit. Howard v. Rutherford, 149 Ala. 661, 43 So. 30.

The appellants further complain that the court should have penalized the administrator by charging him with compound interest on his receipts, and by denying him commissions.

The court specially found there was no fraudulent or corrupt intent on the part of the administrator, but his dereliction in failing to settle up the estate was due to lack of knowledge of duty in the premises.

He did charge the administrator personally with the costs of settlement $142.10, a sum in excess of commissions allowed, which were limited to receipts and disbursements to the time of partial distribution in 1928.

We find no error prejudicial to the heirs and distributees in these rulings. Gould v. Hayes, 19 Ala. 438; McCollum v. McCollum, 218 Ala. 500, 119 So. 232.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.