150 So.2d 187

H. L. CAMPBELL, Administrator,

v.

Leon DAVIS.

4 Div. 111.

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

See also ante, p. 187, 145 So.2d 725.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellee.

SIMPSON, Justice.

This appeal is by the defendant from a jury's verdict and a judgment thereon in favor of the plaintiff below, assessing damages for wrongful death in the amount of $10,000. The action was commenced by father, Leon Davis, for the death of his minor son pursuant to § 119, Title 7, Code of Ala. 1940, against the estate of the deceased, Charles M. Locke, driver of the automobile in which plaintiff's intestate was killed.

The evidence tended to show the following: Three boys, Virgil Davis (appellee's intestate), Ray Junior Henderson, and Bobby Barlow, were riding in an automobile being driven by Charles Melvin Locke. The car belonged to Henderson's mother. Ray had allowed Locke to drive. The boys were traveling toward Florala on County Highway No. 4, the so-called "Wing-Lockhart" road, in Covington County. There was evidence that it was dark enough to use the car lights, but that Locke was driving with them off at the time of the collision, having been turning them off and on intermittently. Coming in the opposite direction was an automobile driven by one Jackie Lewis. Both cars being over the center line approximately one foot, they hit head-on, the left front of both meeting, described by a witness as "locking horns". There was evidence that Lewis had several cans of beer in his car, and that he had been drinking that day. One of the many conflicts in the evidence was as to the speed of the cars, Ray Henderson testifying that the Locke car was traveling at 40 to 50 miles per hour, the Lewis car at 80 to 100 miles per hour; while Bobby Barlow testified that the Locke car was traveling at 75 to 80 miles per hour. Both were in the Locke car in which the speedometer was broken. The highway patrolman investigating the

collision estimated the speed of both cars at 75 to 80 miles per hour, which was introduced in evidence without objection. Virgil Davis and Charles Locke sustained injuries resulting in their death, and Bobby Barlow was severely injured as a result of the collision.

Appellant under the misapprehension that this action was brought pursuant to § 121, Title 7, Code of Ala. 1940, first strenuously argued that there is no authority for one estate to sue another in tort actions, but on discovering that the action was commenced under § 119, Title 7, supra, by a father for the death of his minor son, this argument seems to have been abandoned.

█ Appellant contends that the issue of indemnity insurance was improperly commented upon and argued to the jury by counsel for appellee, thereby necessitating a reversal. This issue bears some close scrutiny and explanation, because both sides in closing arguments to the jury argued at great length the fact of appellant's indemnity insurance. It appeared that insurance was first introduced into evidence by appellant's witness, Ray Junior Henderson, who on cross-examination volunteered that he had given a statement to an insurance agent. Appellant did not object to this testimony or move to exclude it. Appellee's counsel, pursuing the matter further, established the agent's name. Appellant offered the statement in evidence but the trial court refused it, the witness being in court. Appellant assigns only the following statement as error, which was made by appellee's counsel in closing argument:

> "The evidence is in without objection, that since right after this wreck happened, in fact within a few days after this wreck happened, this insurance agent was all over the place looking up witnesses and taking statements. That comes from the witnesses."

Appellant objected to the statement and then moved for a mistrial urging that the argument was improper, unfair, and prejudicial to his case. The lower court over-ruled the objection and denied the motion. It is manifest that the bulk of the matters argued by appellant in brief are not embraced within his Assignments of Error; therefore, on the authority of numerous cases, we only consider the ruling clearly assigned as error. (See Ala.Dig., Appeal & Error, ⚖ 719.) It should be emphasized that no objection was interposed when Henderson (witness for appellant) testified that he had given a statement to an insurance agent. The evidence was before the jury without objection, and was subject to comment by opposing counsel. Therefore, the trial court will not be put in error for overruling the objection and denying the motion for a mistrial

█ Appellee's counsel made the following statement in his opening argument to the jury:

> "This is the law, and I don't think you will hear anything different, that this is the only way it can be done. You know it is done every day, and if they want to try to put a value of damages on the boy's life, I don't know what it is worth and there is no way you can do it because, of course, there is no amount, but the law says if those facts are true, if the Locke boy was guilty of damages, then Mr. Campbell as administrator of his estate, not personally, but in the obvious way, is to pay what you gentlemen think is fair. That is as far as I can go in argument now."

Appellant did not interpose an objection to the argument, but makes it a ground for motion for a new trial. While the argument is subject to the interpretation that appellant seeks us to indulge, i. e., that the statement was a reference to insurance coverage, we think it is subject also to the interpretation that the suit was merely against the estate of Locke and not against the administrator as an individual. Appellant by not raising an objection thereto must have thought so also. If the statement was a reference to insurance, to invite our review, it should have been duly

objected to by appellant, otherwise we will not review matter alleged to be prejudicial unless it clearly appears so. Nelson v. Shelby Manufacturing & Implement Co., 96 Ala. 515(8), 11 So. 695; Southern Railway Co. v. Dickson, 211 Ala. 481(31), 100 So. 665; Ala.Dig., Trial, ⚘131(1), (2). This, aside from other reasons, makes it patent that there was no error to reverse in the stated argument.

■ Appellant urges appellee's mention of a highway patrol report is sufficient to work a reversal of the case, in that the report had been excluded from evidence. Nowhere in the record do we find this assigned as error, nor do we find that it is made ground for motion for a new trial. Of consequence, there is nothing to invite our review.

■ Appellant urges in support of his motion for a new trial that the closing argument of appellee's counsel to the jury is so incendiary, inflammatory and grossly improper in its premises by mention of insurance coverage, and that the insurer should be made to pay, that the same should have been excluded by the court on its own motion. The record discloses that appellant's counsel also strenuously argued insurance to the jury, although the full substance of the argument is not set out. We entertain the view that since both arguments of counsel were heard in full by the trial court in connection with appellant's motion, as amended, for a new trial, and the record before us being incomplete, we must of necessity sustain the finding of the trial court, and hold that no error is made to appear in the ruling of the trial court in denying the new trial on this ground. What constitutes proper argument by counsel is largely discretionary with the trial court, having the opportunity to hear the arguments in full, and the query is to be decided upon a consideration of the peculiar facts involved and of the atmosphere created at the trial. Pacific Mutual Life Insurance Co. of California v. Green, 232 Ala. 50(1), 166 So. 696; Adams

v. Queen Insurance Co. of America, 264 Ala. 572(15), 88 So.2d 331; Southern Railway Co. v. Jarvis, 266 Ala. 440(10), (11), 97 So.2d 549. No case could present a clearer need for application of the rule than the case at bar.

■ Appellant assigns as error the refusal of the trial court to allow him to interrogate his own witness, Ray Henderson, concerning previous alleged inconsistent statements for the purpose of refreshing his recollection. The following occurred on redirect examination by appellee:

"Q Now you gave this statement you said to Mr. Carl Murray, is that right?

"A I gave it to an insurance agency, I'm not sure about what his name is.

"Q You don't know who Mr. Carl Murray was do you?

"A No, sir.

"Q Now you gave this statement in question and answer form before Mr. Earl King, the Court Reporter there, didn't you?

"A I don't remember.

"Q You don't remember Mr. Earl King taking down your statement?

"A No sir.

"MR. TIPLER: We object to him impeaching his own witness.

"THE COURT: Yes, I think * * *

"MR. ALBRITTON: He examined him about the statement Judge.

"THE COURT: I don't mind you having reasonable redirect on it, but don't try to impeach him,

"Q At the time you gave this statement matters were fresh in your mind, were they not?

"A I was upset at the time I gave that statement.

"Q Let me ask you if you didn't tell us back there in the witness room * * *

"MR. TIPLER: We object to that. That is certainly cross examining his own witness.

"THE COURT: Yes."

It appears that appellee is correct in that appellant was attempting to impeach his own witness, and had surpassed the realm of "refreshing recollection" of the witness. There must be an avowed surprise before one's own witness may be so examined. White v. State, 87 Ala. 24, 5 So. 829; Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; see also McElroy, Ala. Evid., Vol. 1, § 165.01(7) and cases therein cited. After a close examination of the record we find there is no substantial inconsistency between the testimony of Henderson on cross-examination and that given in the statement referred to in the above testimony. And the testimony in both instances was very favorable to appellant. At the date of the trial of this case the witness Henderson was a boy of about 15 years of age and could have easily forgotten to whom the statement had been given, and we feel that this would not be enough of an "avowed surprise" on the part of appellant to allow such examination. The recollection of the witness had sufficiently been probed, and any attempt to go beyond this would be an impeachment of his own witness.

Appellant next contends that questions propounded to witness Roy Hysmith as to convictions of crimes for the purpose of impeachment were improper and prejudicial and appellant's objections thereto should have been sustained or a mistrial granted. On examination in chief the substance of Hysmith's testimony was that he had seen Jackie Lewis (the driver of the other car) the day of the accident and had served him one can of beer, and could tell that he had been drinking. Counsel for appellee asked on cross-examination how many times Mr. Hysmith had been in jail, the court overruling an objection thereto, and allowed the witness to answer. Appellee's counsel then asked the witness if he had ever served time in the penitentiary. Appellant did not object to this question, but in his brief states that he did and argues strenuously that there was error in overruling objection thereto. Since the record fails to disclose that any ruling of the trial court was invoked, this question is not up for review. Appellee's counsel then asked the witness whether he had been sentenced to 12 months hard labor for vagrancy; it was later elicited that the witness had refused to support his children. It would appear that the cross-examination to impeach Hysmith was improper, but his testimony on direct hardly amounted to more than stating that Jackie Lewis had been served one can of beer in his establishment, and that Lewis appeared to have been drinking, which was also brought out by examination of other witnesses. We fail to see how appellee was prejudiced by this improper line of examination, and we therefore invoke the rule of "harmless error" in holding that this was not adequate ground for a reversal of the case. Rule 45, Rules of Supreme Court, Appen., Title 7, Code of Ala. 1940. Had the witness been material to appellee's defense a different question might have been presented.

Appellant next contends the trial court erred in refusing to give requested charge No. 4, which in effect stated that the purpose of the wrongful death statute was to discourage homicides, and the only damages recoverable are by way of punishment, and that the plaintiff should recover only if the jury should find that the deceaesd tortfeasor should be punished

for the wrongful act. The charge as it appears in the record apparently omits a word necessary to its understanding and was properly refused as elliptical. Washam v. Beaty, 210 Ala. 635(2), 99 So. 163; Marbury Lumber Co. v. Heinege, 204 Ala. 241(9), 85 So. 453; Southern Ry. Co. v. Jones, 21 Ala.App. 547(6), 109 So. 894. The charge is also an incorrect statement of the law in that it predicates recovery upon a determination of punishment upon Charles M. Locke, deceased, personally, when the suit is brought against his estate. Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77. It further appears that the charge was adequately covered in the general oral charge of the court to the jury [Ala.Dig., Trial, ☜260(1) (d)] and thus its refusal was not error.

Appellant seeks reversal for the trial court's refusal to give requested charge No. 5, which in substance stated that the plaintiff cannot recover merely because the defendant is insured. Appellant cites no authority for this proposition but it is elementary that the trial court will not be placed in error for refusing to give a requested charge not covered by the pleadings. Gilliland & Echols Farm Supply & Hatchery v. Credit Equipment Corp., 269 Ala. 190(2), 112 So.2d 331; Central of Ga. Ry. Co. v. McNab, 150 Ala. 332, 43 So. 222, and cases cited in Ala.Dig., Trial, ☜251(1).

The remainder of the Assignments of Error not having been argued in brief will be deemed waived. Rule 9, Supreme Court Rules of Practice, Appendix, Title 7, Code of Ala.1940, and cases cited.

We are at the conclusion that appellant has failed to show error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.