JUDGE ELLIOTT
delivered the opinion op the court.
George Oneal rented of the appellant Ellen English a grocery-house in the town of Cynthiana, in which he placed a counter and other fixtures and began the business of a retail grocery merchant. The precise length of Oneal’s lease does not appear. He took possession of the house and erected the fixtures in September, 1873, and in the same month Oneal, to indemnify appellee Duncan as his security for about $600, executed a mortgage of his grocery-store and all the fixtures therein. Oneal retained the possession of this grocery-house as tenant of appellant till July, 1877, when she sued out her distress-warrant against him for $116.66-f, being amount due her for the last four months’ rent of her house. This distress was levied on the grocery-store, including its fixtures, and at the sale the appellant became the purchaser of the most of the property.
Shortly after the sale the appellees, Duncan & Boyd, brought this suit to enforce Duncan’s lien against the same property, which he claims to be superior to that of appellant, and whether it is or not, is the only question presented by this record.
The court below adjudged in appellee’s favor, and Mrs. English has appealed.
The rights of the parties depend upon the proper construction of sections 12 and 13 of article 1 of chapter 66 of the General Statutes, as follows:
“§12. All valid liens upon the personal property of a lessee, assignee, or undertenant, created before the property was carried upon the leased premises, shall prevail against a distress-warrant or attachment for rent. If such lien be' created whilst the property is ■ on the leased premises, and on property upon which the landlord hath a superior lien for his rent, then to the extent of one year’s rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference, and be first satisfied, pro *379 vided the same is sued out in ninety days from the time the rent was due.”
“ § 13. A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year’s rent due, or to become due, nor for any rent which has been due for more than one hundred and twenty days.”
It will be seen by an examination of these sections of the statute that if the landlord’s lien is created while the property is on the leased premises, and on property on which his lien is superior, then he can enforce such lien to the extent of one year’s rent, provided he enforces his lien within ninety days of the time his rent falls due.
By the 13th section of article 1, chapter 66 of the General Statutes a superior lien is given to the landlord “on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him after possession is taken under the lease.”
According to our construction of the statute, whenever the tenant takes possession of the leased premises and carries thereon articles on which the landlord’s lien attaches, that such lien continues as long as the tenant remains in possession as such, for the amount not exceeding one year’s rent, and such, lien is superior to a mortgage-lien acquired after the property has been taken to the leased premises.
This lien of the landlord is made to depend upon its being created while the property of the tenant, on which he has a superior lien, is on the rented or leased premises, and not upon the time when his cause of action for rent accrues; for the statute supra expressly provides that the lien shall have preference for one year’s rent, “ whether the rent accrued before or after the creation of the lien.”
*380 We are of opinion that the lien created in favor of the landlord on personal property, which his tenant has taken to the rented premises, remains as a security for the rent as long as the tenant occupies and the property remains on the rented premises; and this lien is superior to one afterward acquired, to the extent of one year’s rent, if the remedy is pursued within the time allowed by law. The evidence in this case leaves no doubt but that the property mortgaged was on the premises rented by appellant to Oneal at the time of the execution of the mortgage to Duncan; and as Oneal continued to occupy the rented premises till 1877, and as appellant’s claim by distress was for the last four months’ rent of her premises, her lien on the property in dispute, for such rent, is superior to that of appellees.
Whereupon the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.