Lyons, &c., v. Deppen, &c.

CASE 50—PETITION EQUITY—JUNE 21.

# Lyons, &c., v. Deppen, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

LANDLORD'S LIEN.—If a tenant, while in possession of the premises under a lease for a definite term, mortgages his personal property then on the leased premises, and after the expiration of this lease the landlord again leases the premises, the lien of the mortgagee is superior to that of the landlord for rent due under the new lease..

WILLIS, DULANEY & LINDSAY FOR APPELLANTS.

Brief not in record.

C. B. SEYMOUR AND A. C. RUCKER FOR APPELLEE DEPPEN.

1. The lien created in favor of the landlord on personal property which his tenant has taken to the leased premises remains as a security for the rent as long as the tenant occupies, whether the rent accrued under the lease existing when the property was taken upon the premises or under a renewal. Therefore, the landlord's lien, even for rent accruing under a renewal of the lease, is superior to that of a mortgagee whose mortgage was executed while the original lease was in force. (Gen Stats., chap. 66, art. 2, secs. 12, 13; English v. Duncan, 14 Bush, 377.)

The decision in the case of City of Richmond v. Deusberry, 27 Gratt., 214, was the decision of a divided court, and is for that reason entitled to but little weight in Kentucky. Besides, it does not apply, because the statute of Virginia differs materially from that of Kentucky in that the only landlord's lien known to the Virginia law is a process lien under a warrant for rent. The law of Kentucky was formerly similar to the law of Virginia. (2 Dana, 204; 3 J. J. Mar., 432; 4 Dana, 22.)

GUY C. SIBLEY FOR APPELLEE BOLLING.

Bolling's lease was continuous from May 1, 1883, to January 1, 1889, and he has a superior lien for rent accruing during that time. (English v. Duncan, 14 Bush, 377.)

The condition of Bolling as a landlord is different from that of Deppen, for the reason that there was a renewal of Deppen's lease while Bolling's lease was continuous, an agreement to renew having been indorsed upon the original lease before its expiration.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is about construction of sections 12 and 13, article 2, chapter 66, General Statutes, as follows:

"§ 12. All valid liens upon the personal property of a lessee, assignee or under-tenant, created before the property *was carried upon the leased premises*, shall prevail against a distress warrant or attachment for rent. If such lien be created whilst the property is on the leased premises, and on property upon which the landlord hath a superior lien for his rent, then, to the extent of one year's rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference, and be first satisfied, provided the same is sued out in ninety days from the time the rent was due.

"§ 13. A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture and other property of the tenant or under-tenant, owned by him, after possession is taken under the lease; but such lease shall not be for more than one year's rent due, or to become due, nor for any rent which has been due for more than one hundred and twenty days. But if any such property be removed openly from leased premises, and without fraudulent intent, and not returned, the lien of the landlord shall be lost as to it, unless the same be asserted by proper procedure within fifteen days from the day of removal."

The landlord has a lien upon property of the tenant described in section 13 in virtue alone of an express or implied contract of lease, and when the period of

such lease ends, the lien that is an incident of it necessarily terminates, except that by express provision it can be enforced as to property to which it had already attached within one hundred and twenty days after the rent becomes due, which might be at the same time the lease expires.  But such lien does not prevail against any other valid lien created before the beginning of the term of lease, or before the property is carried upon the leased premises.

It thus results that a valid mortgage lien created during one term of a lease must, under the statute, be regarded superior to the landlord's lien existing during a second term of lease to the same tenant, that had not begun, nor was contracted for when the mortgage was executed.  Otherwise, a mortgage valid in all respects, and enforceable between the parties to it, might be rendered inoperative at the mere will of a third party, who had, before expiration of the first term of lease, indicated no intention to lease for a second term, nor by contract bound either himself or the tenant for a second term.  For protection of the landlord intervening mortgages are not permitted by the statute to prevail against his lien existing under contract of lease already made.  But for protection of other creditors the statute, according to fair import of the language used, as well as reason, makes a mortgage lien created before execution of a contract of lease superior to a landlord's lien existing under such contract.

We do not regard the opinion in the case of English v. Duncan, 14 Bush, 377, properly interpreted, inconsistent with the views here expressed.

As the mortgage upon the property in contest was executed to J. A. Lyons previous to the respective contracts between appellees, Deppen and Bowling, owners of the two buildings constituting one hotel, and V. E. Lyons, tenant of both, for a second term of lease, it must, in our opinion, be held superior to them. But only such property on the leased premises at death of V. E. Lyons, as is shown by the mortgagor to have been actually included in his mortgage, can be made subject to it, the landlord's lien upon all such as was carried on the premises after the execution of it being superior.

The judgment as to appellees, Deppen and Bowling, is reversed, and remanded for proceedings consistent with this opinion, and as to Glen it is affirmed.