·JOHN G. GASNICK, CHRIS CHRISTIANSEN, R. JACOBSEN, JOHN ROLL, S. ARNKEILL, PHILLIP ARMENTROUT v. P. H. STEFFENSEN, NIELS R. MATHIENSEN, JOSEPH F. BEH, Appellants.

·Joint Tenants: NEW LEASE TO ONE ON OPTION TO BOTH: *Landlord's lien.* An owner leased a farm for one year to two parties jointly, with the privilege of continuing the lease. Before the end of the first year the parties concluded to no longer work the farm together, one of them securing the lease for the following year. *Held,* that the second was a new lease. and hence a mortgage on personal property made by such continuing tenant prior to the commencement of the new term

created a lien superior to that of the landlord for rent of such term, under Code, section 2992, providing that only such property as was used during the term shall be subject to the landlord's lien.

*Appeal from Shelby District Court.*—HON. W. I. SMITH, Judge.

WEDNESDAY, JANUARY 16, 1901.

ACTION to determine priority of liens on personal property. There was a decree for the plaintiffs. The defendants appeal.—*Reversed.*

*Cullison & Robinson* for appellants.

*Byers & Lockwood* for appellees.

SHERWIN, J.—October 3, 1894, the plaintiff John G. Gassnick made a written lease of certain farm lands to Peter H. Steffensen and Niels R. Matheinsen. The time was for one year from the first day of March, 1895, but gave the lessees the privilege of continuing it three or five years. The tenants entered into possession under the lease, and the personal property in controversy was taken onto the farm, where it remained until sold, in the fall of 1896. Before the first lease expired, the lessees concluded they did not want to run the farm together another year, and each tried to lease it alone. Some time in the fall of 1895 it was orally agreed between Gasnick and Peter H. Steffensen that Steffensen should have the farm after the joint lease expired. Both lessees remained in possession thereof until the end of the first year, after which Steffensen occupied it alone. February 10, 1896, Steffensen mortgaged the personal property in controversy to the defendant Joseph F. Beh. In the fall of 1896, Steffensen turned it all over to the plaintiff Gasnick to satisfy unpaid rent, and it was sold. The proceeds thereof will more than pay the balance of the rent unpaid

for the year 1895 and the chattel mortgage debt of Joseph F. Beh, and the question is as to the superiority of liens.

The original lease was to Steffensen and Mathiesen jointly, and did not lease a moiety to each. They took possession of it, and worked it in common. Under the terms of the lease they together might exercise the privilege of continuing three or five years longer, but there was no stipulation therein that either one alone might claim that right, and, in the absence of such an agreement, it cannot be claimed that the lessor would be bound to grant such extension to either one alone. It can make no difference that Steffensen and Gasnick agreed that the former should work the place on the terms contained in the written lease, for they were at perfect liberty to adopt them and make them the basis of their agreement, but the agreement itself was a new one, and for a new term. The written lease expressly fixed the term at one year, and it would have terminated at the end thereof, in the absence of some act or declaration on the part of the joint tenants indicating a desire to continue it. There was never anything of this kind done. On the contrary, long before the expiration of their joint term, they both stated their intention not to continue together. Consequently the lease to Steffensen for 1896 was a new and independent agreement to take effect on the first of March, 1896. See 1 Washburn, Real Property, 548.

Only such personal property as was used or kept thereon during the term of the lease is subject to the landlord's lien (Code, section 2992); and a valid mortgage on such property executed before the commencement of the term, creates a lien superior to that of the landlord. *Manhattan Trust Co. v. Sioux City & N. R. Co.* (C. C.) (68 Fed. Rep. 72); *Thorpe v. Fowler,* 57 Iowa, 541; *Jarchow v. Pickens,* 51 Iowa, 381. In *Rollins v. Proctor,* 56 Iowa, 326, relied on by the appellees, the facts were materially different from those in the case at bar. There the mortgagor held under

an assignment of a lease covering the term for which rent was claimed, but secured in lieu thereof a lease directly to himself, and the mortgage was executed while in possession under the assigned lease. It is held that a mortgage will not be permitted to take effect between the surrender of the old and the taking effect of the new lease. The case is not applicable here. We think the pleadings of the plaintiffs and the evidence sufficiently identify the mortgaged property, or, at least, enough thereof to satisfy the defendant Beh's mortgage. Judgment will therefore be entered for the defendant Joseph F. Beh against John G. Gasnick for the sum of $527.16, with interest thereon from December 10, 1900, and for costs.—REVERSED.