(101 So. 834)

### ENGRAM v. THOMA.    (4 Div. 156.)

(Supreme Court of Alabama.   Oct. 16, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Landlord and tenant ⊜⟞260 — Enforcement by attachment of landlord's lien against cattle grazed, requires bond though tenant is nonresident.**

Landlord suing out attachment under Acts 1919, p. 1084, to enforce landlord's lien for rent against cattle grazed, on ground of tenant's removal of stock without landlord's consent, *held* not relieved from giving bond under Code 1907, § 2928, though tenant is nonresident.

**2. Attachment ⊜⟞128 — Failure to give bond before issuance of attachment is fatal, unless statute authorizes defect to be cured.**

Failure to give bond before issuance of attachment is fatal, unless statute specially authorizes the defect to be cured.

**3. Landlord and tenant ⊜⟞260 — Trial court erred in overruling plaintiff's motion to give bond and in dismissing cause.**

In attachment, under Acts 1919, p. 1084, to enforce landlord's lien for rent, where, after defendant's motion to quash writ because of failure to give bond was sustained, plaintiff moved to give bond, trial court erred in overruling motion and in dismissing cause, in view of Code 1907, §§ 2965, 4741, despite section 4751.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Attachment suit by Annie O. Engram against George M. Thoma. From a judgment quashing the writ, plaintiff appeals. Reversed and remanded.

The complaint declares upon a promissory note for $750, with interest and attorney's fee. Plaintiff filed an affidavit of attachment alleging her ownership of certain described lands which she rented or leased to defendant for the purpose of raising or grazing live stock, for the year 1923, at and for the sum of $750, evidenced by the note in suit; that defendant entered into

possession of and used the lands for the purpose stated for a period during the year 1923, pasturing thereon a large number of cattle; that before the rental period had expired, defendant moved all the stock pastured upon the land without consent of the plaintiff, and sold said stock to one Blackmon, and that the cattle, or a large number thereof, are in the possession of said Blackmon; that no part of the rental has been paid, defendant failing or refusing on demand to pay the same; that the attachment is not sued out for the purpose of vexing, etc., the defendant, but for the purpose of inforcing plaintiff's lien under the Act of 1919 (Acts 1919, p. 1084); that defendant is a nonresident of the state of Alabama, and that no bond is made by plaintiff, as provided by law. Attachment writ was issued upon the cattle in the possession of Blackmon.

Defendant, appearing specially, filed 'plea in abatement and motion to quash the writ upon the ground that no bond had been given as required by law. Plaintiff moved to strike defendant's motion to quash. The court overruled plaintiff's motion to strike and granted defendant's motion to quash the writ. Thereupon plaintiff moved to amend by giving bond "as provided for under section 2965 of the Code of 1907," which motion the court overruled, and the plaintiff has appealed.

McDowell & McDowell, of Eufaula, for appellant.

The defendant being a nonresident, plaintiff was exempted from giving bond. Code 1907, § 2928. But, if a bond were necessary, plaintiff was entitled to amend by making the bond required. Code 1907, §§ 2965, 4751; Richards v. Bestor, 90 Ala. 352, 8 So. 30; 6 C. J. 173; 2 Michie's Ala. Dig. § 78; Gunter v. DuBose, 77 Ala. 328; Hall & Curry v. Brazleton, 40 Ala. 406; Fuller v. Eames, 108 Ala. 464, 19 So. 366; McLean v. Wright, 137 Ala. 648, 35 So. 45, 97 Am. St. Rep. 67; Hyde v. Adams, 80 Ala. 111.

W. H. Merrill, of Eufaula, for appellee.

Failure to give bond was fatal to the attachment suit. Acts 1919, p. 1084; Drake on Attachments (4th Ed.) 102; 6 C. J. 161. Amendment was properly disallowed. 6 C. J. 173; 2 R. C. L. 874; Earp v. Stephens, 1 Ala. App. 447, 55 So. 266; 4 Cyc. 527; A. & T. R. Co. v. Harris, 25 Ala. 232; Ex parte Robbins, 29 Ala. 71; Smith v. Moore, 35 Ala. 76; McGown v. Sprague, 23 Ala. 524; Wright v. Smith, 66 Ala. 545; Oliver v. Kinney, 173 Ala. 593, 56 So. 203; Hall & Curry v. Brazleton, 40 Ala. 406.

ANDERSON. C. J.  [1, 2] Acts 1919, p. 1084, was evidently intended to extend the

present landlord's lien for rent of farm or agricultural lands to stock raised or grazed on the land when the same has been rented for grazing purposes only. The grounds given for an attachment thereunder do not include the one that the defendant is a "nonresident" and as said act requires an attachment bond this plaintiff was not relieved from giving one under section 2928 of the Code of 1907. This provision relieves from giving the bond only when the attachment is sued out upon the ground that the defendant is a nonresident.

The act requires the giving of a bond as a condition to the issuance of the attachment and if it stood alone, an attachment without a bond would no doubt be void. Indeed, we fully agree with the quotation in the appellee's brief from section 115 of Drake on Attachments as follows:

"Where the statute requires a bond to be given before the attachment issues, a failure to give it is fatal to the suit unless the law specially authorizes the defect to be cured."

[3] We think that section 2965 of the Code of 1907 specially authorizes the giving of a bond when one was wanting at the outset and forbids dismissing the attachment for want of a bond if the plaintiff, his agent, or attorney is willing to give one. This section is broad in its terms and was evidently intended to apply to the trial of all attachment cases and is prospective in its operation. It is true that section 4751 of the Code of 1907, in the article dealing with the landlord's lien for rent of store houses and other buildings makes the general attachment law as to the trial and process applicable thereto but this was evidently an act of caution and was not intended to exclude the general law as to trials from operating upon other attachment suits. Moreover, section 4741 of the Code of 1907 provides that attachment suits in cases for the rent of farm land shall be tried in the same manner as other attachment causes are tried and section 2965 forbids the trial court from dismissing the attachment for want of a bond if the plaintiff is willing to give one. The Legislature in adopting the present act contemplated that all attachments issued thereunder and causes tried would be governed and controlled by the existing general law relating to the trial of attachment causes. This holding is not only no innovation upon the legislative domains but to hold otherwise would seriously reflect upon legislative intelligence.

The case of Ala. & Tenn. R. R. Co. v. Harris, 25 Ala. 232, involved an entirely different statute from the one in hand. There the statute required the dismissal of the cause unless the security for cost was lodged with the clerk before the commence-ment of the action. The statute applicable to this case, section 2965, forbids the dismissal of the attachment for want of a bond if the plaintiff is willing to give a sufficient one before or during the trial.

The trial court erred in overruling plaintiff's motion to give a bond and in dismissing the cause, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.