DOSTER, J.
 

 Appellant, plaintiff in the court below, commenced suit, as landlord, against George M. Thoma, the defendant, her tenant, by attachment to enforce a landlord’s lien upon certain property of the tenant under act of the Legislature approved September 30, 1919. Acts 1919, p. 1084. Thoma, the defendant, was a nonresident of the state of Alabama, and no bond was given by plaintiff, which fact was indorsed upon the writ of attachment. The writ of- attachment was issued out of the circuit court of Barbour county, and the sheriff levied upon the property described therein.
 

 Willie M. Blackman, claimant, interposed her-claim to the property levied upon by filing' affidavit and.iclaim bond. Claimant, appearing specially for the purpose, moved the court to discharge the levy, and to dissolve the attachment upon the ground, among others, that the court acquired no jurisdiction, that’no bond was given by the plaintiff as required by the act of 1919, supra. The court granted claimant’s motion to discharge the levy and dissolve the attachment, and appropriate exception was reserved by the plaintiff to this action of the court.
 

 ' The court overruled plaintiff’s motion to be allowed to execute and file an attachment bond in compliance with Act 1919, supra, to which action of the court the plaintiff excepted. ' Plaintiff prosecutes this appeal from the jüdgmeit of the court.
 

 The affidavit’ upon which the writ of attachment issued showed that the plaintiff was landlord and the defendant was her tenant; that the rent for the year 1923 was due and the defendant had failed or. refused, upon demand, to pay the same; that the defendant had removed all of the stock from the land without the consent of the plaintiff (the landlord) and without paying the rent; and that the live stock upon which the levy was made was grazed upon the rented land for the current year' for which rent was due, and that the land was used for grazing purposes, and that the attachment was not sued out for the purpose of vexing or harassing the defendant.
 

 The act of the Legislature of 1919, supra, in section 1, declared a lien in favor of landlords upon live stock “raised, grown, or grazed upon rented land for the rent of said land for the current year, * * * provided the lien shall exist only when the land is leased or rented or used for pasturing or grazing purposes.” Section 2 of said act provides for the enforcement of such lien by process of attachment leviable upon the stock upon which the lien exists “(1) when such claim is due and the defendant upon demand fails or refuses to pay the same; (2) whether such claim is due or not when the defendant has removed any part of such stock from such land without the consent of the landlord without paying the rent,” etc. Section 3 of said act provides that before the attachment shall issue, the plaintiff, his agent or attorney, must make affidavit setting forth the amount of such claim, that one of the causes for issuing attachment prescribed in section 2 exists and that the- attachment is not sued out for the purpose of vexing or harassing the defendant, and must also execute a bond in double the amount claimed, etc.
 

 The plaintiff complied with all the requirements of the act, supra, except that no bond was given. The act of 1919, supra, was intended to extend the landlord’s lien for rent to stock raised or grazed on the land, where the land was rented for grazing purposes only. The plaintiff was not excused from the requirement to give bond by reason of the circumstance that the defendant in attachment was a nonresident, as that was not one of the grounds given for attachment under the act of 1919, supra.
 

 Section 2965 of the Code of 1907, provides that attachment laws must be liberally construed to advance the manifest intent of the law, and the plaintiff at any time must be permitted to amend any defect of form or of substance in the affidavit, bond, or attachment, and that “no attachment must be dismissed for any .defect in the affidavit, if the plaintiff, his agent or attorney, will make a sufficient affidavit, or for any defect in the bond, or for want of bond, if the plaintiff, her agent or attorney, is willing to give or substitute a sufficient bond.” This statute was intended to apply to all suits commenced by attachment.- The statute forbids the trial court dismissing the attachment for want of bond when the plaintiff is willing to give the necessary bond. The plaintiff was entitled on the trial to give the bond required by the act of 1919, supra, and the trial court erred in refusing to allow her to give such bond, and in discharging the levy and dissolving the attachment. Annie O. Engram v. George M. Thoma, 212 Ala. 129, 101 So. 834.
 

 The judgment of the circuit court is rejversed, and the cause remanded.
 

 Reversed and remanded.