**MATHESON et al. v. FARMERS' BANK & TRUST CO. (2 Div. 926.)**

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied May 31, 1928.

Chattel mortgages ☞138(3)—Landlord's lien on tenant's cattle grazed on rented land held inferior to lien of chattel mortgage, antedating rental contract (Code 1923, § 8894).

Lien of landlord on tenant's cattle grazed on rented land, for unpaid rent, *held* inferior to lien of mortgage on cattle executed and recorded several months before rental contract, of which landowner is chargeable with notice, notwithstanding Code 1923, § 8894, giving landlord lien on such stock.

Certiorari to Court of Appeals.

Attachment suit by Virginia Matheson and another against O. Y. Harvell, in which the Farmers' Bank & Trust Company interposed a claim. Judgment for claimant was affirmed by the Court of Appeals (116 So. 906), and plaintiffs apply for certiorari. Writ denied.

The facts of the case as stated by the Court of Appeals are as follows:

Appellants rented a plantation in Wilcox county on January 7, 1925, to one Harvell for pasturage purposes at an agreed rental of $200 per year. Harvell continued in possession of the land for said purpose until July 26, 1926, without paying the rent for 1925 or 1926, when an attachment was run at the instance of appellants and a levy made on a number of cattle that had been pastured on said land during said time. The appellee, bank, filed a claim to the cattle levied on. Its claim was based on two mortgages, one dated March 3, 1924, and the other dated February 28, 1925, each of which was properly recorded within a day or so after its execution, which covered the cattle levied on. It appears, without dispute, that the second mortgage was a renewal or extension of the first, and that the first was never paid or surrendered to the mortgagor.

Bonner & Miller, of Camden, for appellants.

The landowner, furnishing the grass to keep cattle alive and promote their growth, has a lien for rent superior to every other lien except the lien of a mortgage for the unpaid purchase price and the lien of a recorded conditional sale contract. Code 1923, § 8894; Blackman v. Engram, 214 Ala. 262, 107 So. 741; Brunswick, Balke, etc., Co. v. Starnes, 214 Ala. 263, 107 So. 743; Glass v. Tisdale, 106 Ala. 581, 19 So. 70; Mayfield v. Spiva, 100 Ala. 223, 14 So. 47.

A. S. Johnson, of Thomasville, for appellee.

Brief did not reach the Reporter.

GARDNER, J. The authority of Blackmen v. Engram, 214 Ala. 262, 107 So. 741, cited and relied upon by counsel for petitioners, is not in conflict with the holding of the Court of Appeals in the instant case. This court in the Engram Case was dealing with a mortgage executed by the tenant subsequent to the tenancy, but for security of the purchase price; the mortgage being executed simultaneously with a sale of the property, and in legal effect a retention of title as security for the purchase money. The mortgage title was there held superior to the lien of the landlord, and the discussion in the opinion is referable to the facts as there presented. In the case presently considered, the mortgage to the claimant bank was executed and duly recorded several months before the rental contract.

We are in accord with the Court of Appeals that the statute (section 8894, Code of 1923) quoted in the opinion of that court was not intended to "violate fundamental rights of property," and the language of this court in

the Engram Case, supra, is not therefore to be construed as indicating to the contrary and restricting superiority of mortgages to those executed as security for the purchase money. The two cases are readily differentiated.

The opinion of the Court of Appeals is correct, and the petition will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.