149 So. 862

BIRMINGHAM ELECTRIC CO. v. HEREFORD.

6 Div. 313.

Court of Appeals of Alabama.

April 18, 1933.

Rehearing Denied June 6, 1933.

Lange, Simpson & Brantley, W. H. Brantley, Jr., and M. L. Robinson, all of Birmingham, for appellant.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellee.

RICE, Judge.

Appellee claimed, and introduced testimony tending to show, that two cows and a bull, belonging to him, were either killed or injured by the negligence of appellant's agents or servants in charge of one of its street cars—in negligently causing said street car to run over, upon, or against, said animals, etc. The animals were alleged to have been so injured, etc., upon one of the streets of the city of Birmingham at about 4 o'clock a. m. on or about December 20, 1927, which we know, and which is conceded, to be "before daylight."

Appellant, through its witnesses, stoutly denied the charge; it claimed that its said street car, upon the said occasion, neither struck nor injured appellee's said cattle; but that, if any of same were injured, as alleged, the injury was caused by a party or parties

operating an automobile, entirely independent of, and disconnected from, appellant, etc.

It will be seen the testimony supporting appellee's theory and that supporting appellant's was in violent conflict. At the hour of the day upon which the occurrence took place, as might be expected, there were but few witnesses, other than those interested either in appellant's business, at the time and place, and those interested in appellee's. In this situation, after suit had been brought by appellee against appellant, claiming damages for the said injury, etc., to his said property, appellant, under the statutes, propounded interrogatories to appellee, one of which sought the names of those in charge of, etc., appellee's cattle, upon the occasion in question.

In answer to this interrogatory appellee gave the names of four people, with the added statement that three of same "live with me," and the third was "now in South Carolina."

Upon the trial of the case, it developed that there were two other people, employees, at the time of the claimed injury by appellant, etc. of said cattle, of appellee, also in charge of same, for appellee.

One of these other people—one Tom Knowles—resided in Shelby county, Ala. And immediately after the trial of the case, or within ample time for the hearing upon appellant's motion for a new trial, etc.,—one of the grounds of which was "newly discovered evidence etc."—the affidavit of said Knowles was procured and produced, in which affidavit he deposed to a state of facts very material to appellant's defense, etc.

■■ Enough has been said by the Supreme Court, upon the proposition of when, etc., a new trial should be granted because of "newly discovered evidence etc." What that court says, of course, controls us (Code 1923, § 7318), so we merely content ourselves by remarking that here the "newly discovered evidence" seems to us to meet all the requirements necessary to cause a new trial to be granted on account thereof. See Code 1923, § 9518 (7); Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.; Ohme et al. v. Bisimanis, 222 Ala. 262, 132 So. 161; and especially Stephens et al. v. Pate, 221 Ala. 200, 128 So. 176.

We deem it unnecessary to treat the other assignments of error which are presented. That one of same most strenuously, perhaps, argued here, causes us to think, in the light of the pertinent authorities, most, if not all, of which are cited in the respective briefs, etc., of the word "quibble." But the rulings will not be the same, perhaps, upon another trial.

The learned trial judge, one of the most capable in our state, will take care that no judgment rendered, etc., by him is reversed on a "fluke."

For the error in overruling appellant's motion to set aside the verdict of the jury, etc., because of the newly discovered evidence mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.