164 So. 753

**PAYNE v. BOUTWELL.**

4 Div. 178.

Court of Appeals of Alabama.
Oct. 8, 1935.

Rehearing Denied Oct. 29, 1935.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellant.

Rowe & Rowe, of Elba, for appellee.

## SAMFORD, Judge.

This suit originated as a suit in attachment by the plaintiff against the original defendant to enforce a landlord's lien for rent of grazing land, as is provided for in section 8894 of the Code of 1923. Claimant claiming to hold mortgages prior to the lien of plaintiff files his claim to the attached property, and from a judgment in favor of claimant plaintiff appeals.

The description of the property in the mortgages was: "16 head of dairy milch cows of various kinds, colors and descriptions now located on my dairy in West Elba, together with all increases." When taken in connection with the oral testimony for claimant and under the liberal rule for the admission of such testimony generally approved by the decisions, we hold that the description was sufficiently certain, when aided by the oral testimony, to admit the two mortgages in evidence. Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A.L.R. 1454; Smith v. Fields, 79 Ala. 335.

In the taking of testimony on the trial of this case, the trial judge held to the view that the lien granted under section 8894 of the Code of 1923 was for rent due for the current year and became extinguished at the end of each current year. This was error. In Engram v. Thoma, 212 Ala. 129, 101 So. 834, 835, the Chief Justice uses this expression: "Acts 1919, p. 1084 [Code Sec. 8894], was evidently intended to extend the present landlord's lien for rent of farm or agricultural lands to stock raised or grazed on the land when the same has been rented for grazing purposes only." It would, therefore, seem that the lien of the landlord for rent is not lost at the end of the current year, but continues and may be enforced by appropriate action at any time within the statute of limitations.

The land for grazing purposes was rented to J. A. Vaughn, the defendant in attachment, in 1929 and was continued from year to year by rental contract, until November, 1932, when the attachment was sued out. For the rent due during this period, the plaintiff had a lien under the statute, and on this trial was entitled to prove the account for each year of the occupancy of the land under the contracts of rental.

Claimant claims under two mortgages executed by defendant in execution, one of which was recorded February, 1930, and the second recorded December, 1930. Both of these mortgages describe and convey to claimant certain cattle located on the rental premises and were taken with a knowledge on the part of claimant that they were so located and therefore he was charged with notice of plaintiff's lien on the cows. The lien on the cattle in suit attached in favor of the landlord in 1929 for rent for that entire year; in January, 1930, the lien attached for that entire year; in 1931 it attached for that entire year, and for 1932 it attached for that entire year. The balance due each year could be recovered in the attachment suit. The mortgages were executed by defendant in execution, while the cattle were on the rented premises and subject to plaintiff's lien of which claimant had notice, and, according to the evidence, there was no time during the period of tenancy when the mortgages could "wedge in," so to speak, and became superior to the landlord's lien. To hold otherwise would be to penalize the landlord for dealing leniently with his tenant in the collection of his rents. The cases of Matheson v. Farmers' Bank & Trust Co., 217 Ala. 606, 116 So. 906, and Blackman v. Engram, 214 Ala. 262, 107 So. 741, are not in conflict with the above. In the Matheson Case the mortgage was executed before the cattle went on the land and in the Blackman Case the title was never in the tenant. For the above reasons, the plaintiff was entitled to show the state of the account between himself and the defendant in attachment from the beginning of the tenancy until the end.

The bill of exceptions does not purport to contain all of the evidence, and for that reason the court will not be put in error for giving the affirmative charge, but that does not apply to rulings of the court on the evidence which in themselves disclose error, not dependent upon the whole record. Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277.

For the error in limiting the inquiry to the amount due plaintiff for 'rent to the year 1932, the judgment is reversed and the cause is remanded.

Reversed and remanded.