164 So. 755

### PAYNE v. BOUTWELL.

4 Div. 860.

Supreme Court of Alabama.

Dec. 19, 1935.

Rowe & Rowe, of Elba, for the motion.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, opposed.

KNIGHT, Justice.

This cause appears in this court on petition of W. W. Boutwell for writ of certiorari to the Court of Appeals, to review and revise the opinion and judgment of said court in the case of Payne v. Boutwell, 26 Ala.App. 573, 164 So. 753.

From the statement of the facts of the case, appearing in the opinion rendered in the cause by the Court of Appeals, it would seem that there was a balance of rent unpaid by the tenant during each of the years during which Vaughn was a tenant of Mr. Boutwell.

It is true, as held by the Court of Appeals, that for such balance, in each of said years, the landlord had an enforceable lien upon the cattle grown or grazed during the year for the rent of that current year, and such lien was not extinguished at the end of the year, if the rent was not paid, but could be enforced at any time within the period of the statutes of limitations, viz., six years, against the cattle raised, grazed, or grown during the year the rent accrued, except as against bona fide purchasers.

As we construe the finding of fact, and the opinion thereon, of the Court of Appeals, that court has reached a proper decision.

Inasmuch, however, as the Court of Appeals has reversed the case, and remanded it for another trial, we deem it proper to set forth our views more fully upon the law of the case.

The lien given the landlord under section 8894 of the Code upon all live stock raised, grown, or grazed upon rented lands for the rent of said lands for the current year was first enacted in 1919, and up to that time the landlords had no such right, lien, or remedy. This lien did not exist at common law.

The statute is not supplemented by any section similar to section 8801, relating to farm lands for rent and advances, nor is there any necessity for such a supplementary statute, in order to preserve the lien upon the cattle.

However, the lien given the owners of land upon live stock, under section 8894, is for the current year, but so long as there remains a balance due for rent of that current year, the landlord may enforce the lien for this balance upon the live stock "raised, grown or grazed" during that year, not extending beyond six years.

It would appear that new leases, or renewals of the original rental contract were made from year to year, extending to, and including, the year 1932.

It appears that claimant holds two mortgages against the tenant's cattle, one of which was recorded in February, 1930, and the second was recorded in December, 1930. Confessedly, these mortgages were subordinate in point of lien to any amounts then due, or to become due on the rental contract then existing. Chapman v. First National Bank of Montgomery, 98 Ala. 528, 13 So. 764, 22 L.R.A. 78.

A different rule would apply, however, where after the execution and recordation of the mortgages a new lease is executed covering a future term, all amounts due for prior rental terms having been paid. In such case, the lien of the mortgage would be superior to that of the landlord on the chattels.

In 36 Corpus Juris § 1499, page 509, the principle is stated: "A valid mortgage created during one term of a lease is superior to a landlord's lien existing during a second term of the lease to the same tenant that had not begun or been contracted for when the mortgage was executed."

In the case of Lyons v. Deppen, 90 Ky. 305, 14 S.W. 279, it was held: "If a tenant, while in possession of the premises under a lease for a definite term, mortgages his personal property then on the leased premises, and after the expiration of this lease the landlord again leases the premises [to same tenant], the lien of the mortgagee is superior to that of the landlord for rent due under the new lease."

To the same effect are the holdings of the Supreme Courts of Iowa and Virginia. Gasnick v. Steffensen, 112 Iowa, 688, 84 N. W. 945; Upper Appomattox Co. v. Hamilton, 83 Va. 319, 2 S.E. 195.

 For the protection of the landlord, intervening mortgages are not permitted by the statute to prevail against his lien existing under a rental contract already made. But for the protection of other lienors, the statute, according to the fair import of the language used, as well as reason, would make the lien of a mortgage created before the execution of a contract of lease superior to a landlord's lien existing under such contract, the landlord having knowledge, or constructive notice of said mortgage at the time of entering into the new lease. Such a holding comports both with reason and justice. We so hold.

In brief of petitioner for certiorari much of the evidence in the case is set out, but, according to our uniform ruling, in cases brought before this court by certiorari to review the opinion and judgment of the Court of Appeals, we accept the finding of facts made by the Court of Appeals as conclusive, and only review questions of law of the case, and the application of the same to the facts found by the court. Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674. If, in the judgment of the petitioner, the finding of the Court of Appeals on the facts is either contrary to the weight of the evidence, or does not sufficiently state the facts, we can afford him no relief in this court upon such an issue, according to the rule adopted by the court in reviewing and revising the opinions and judgments of the Court of Appeals on certiorari. The responsibility of determining what the evidence shows, or does not show, rests upon the Court of Appeals. In that respect, resort to the Court of Appeals for correction of their findings is the litigant's only remedy.

The writ of certiorari is denied.

THOMAS, BOULDIN, and BROWN, JJ., concur.