17 So.2d 883

### NEW YORK LIFE INS. CO. v. JONES.

4 Div. 323.

Supreme Court of Alabama.

Feb. 3, 1944.

Rushton, Weil, Stakely, Johnson & Williams, of Montgomery, for petitioner.

Martin & Jackson, of Dothan, opposed.

GARDNER, Chief Justice.

■ The finding of the Court of Appeals that the bill of exceptions does not contain all the evidence is clearly a finding of fact, not here subject to review. Indeed, this is not controverted. Hopwood v. Bennett, 26 Ala.App. 528, 163 So. 535, certiorari denied 231 Ala. 49, 163 So. 536; Birmingham Elec. Co. v. Hereford, 25 Ala.App. 465, 149 So. 862, certiorari denied 227 Ala. 321, 149 So. 863; Loveman, Joseph & Loeb v. Himrod, 25 Ala. App. 350, 147 So. 164, certiorari denied 226 Ala. 342, 147 So. 163; Tortomasi v. State, 28 Ala.App. 499, 189 So. 901, certiorari denied 238 Ala. 253, 189 So. 905; Liberty Nat. Life Ins. Co. v. Collier, 26 Ala.App. 75, 154 So. 116, reversed 228 Ala. 3, 154 So. 118, and certiorari denied 228 Ala. 4, 154 So. 119.

■ But counsel for petitioner insist that the holding of the Court of Appeals in this regard is rested solely upon the fact the bill of exceptions fails to categorically state that it contains all the evidence, and numerous authorities are cited (among them: Walker v. Carroll, 65 Ala. 61; Kirksey v. Hardaway, 41 Ala. 330; Bridges v. Cribbs, 41 Ala. 367; New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775) which counsel insist demonstrate that such categorical statement is not required if the bill otherwise discloses that it does contain all the evidence. If it be assumed that the holding of the Court of Appeals was rested solely upon the fact that the bill of exceptions did not use the language "that it contains all the evidence," this would present a question of law, here a subject for review. Indeed, such a holding would run counter to Middlebrooks v. Sanders, 180 Ala. 407, 61 So. 898, 899, where it was said: "It may be conceded that our decisions do not require that the completeness of the bill of exceptions shall be evidenced by a specific recital that it contains all the evidence. Alexander v. Wheeler, 69 Ala. 332. It must, however, affirmatively and clearly appear that it does contain all the evidence, when that fact is necessary to a proper review of the rulings assigned for error. Lamar v. King, 168 Ala. 285, 53 So. 279. And, in estimating the efficiency of its recitals in this particular, they will be construed more strongly against the appellant when their language is not reasonably clear and certain to the conclusion required."

■ Assuming, therefore, the correctness of petitioner's insistence as to the finding of the Court of Appeals, the point in this regard would be well taken. But upon an examination of the opinion of the Court of Appeals, we conclude this assumption is unfounded. The opinion expressly states that the Court was "unable to say that it does contain all the evidence." Still later in the opinion, in reference to the refusal of charges 16 and 17, is the further language: "It does not appear the bill of exceptions contains all the evidence." These are clear and unequivocal statements, and constitute a finding of fact not here reviewable. Perhaps this question as to the interpretation of the language of the bill of exceptions as argued by counsel, in the light of the cited authorities, will receive due consideration by the Court of Appeals upon remandment of the cause as hereinafter ordered. We think a reconsideration is in order.

■ The rule of our decisions to the effect that, the giving or refusal of the affirmative charge and the denial of the motion for a new trial are not subject to review when it appears the bill of exceptions does not contain all the evidence, is rested upon the theory that the court will presume in favor of the ruling of the court below any evidence or state of facts in support thereof. This rule has, of course, been here applied in many cases. St.

Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Payne v. Boutwell, 26 Ala.App. 573, 164 So. 753, certiorari denied 231 Ala. 311, 164 So. 755; Sanders v. Steen, 128 Ala. 633, 29 So. 586; Lewis Land & Lumber Co. v. Interstate L. Co., 163 Ala. 592, 50 So. 1036; Southern R. Co. v. Wyley, 200 Ala. 14, 75 So. 326; Southern Mut. Ins. Co. v. Holcombe's Adm'r, 35 Ala. 327; Marcrum v. Smith, 206 Ala. 466, 91 So. 259, 20 A.L.R. 1303; Levert v. State, 220 Ala. 425, 125 So. 664; Lone Star Cement Co. v. Wilson, 231 Ala. 83, 163 So. 601; Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Roberts v. Kemp, 218 Ala. 350, 118 So. 656.

But in applying the rule of our decisions we should not lose sight of the underlying reason for it. Our Court recognizes this fact, and has in more than one instance stated that the general rule has its limitations when the reason underlying it no longer obtains. This matter came prominently forward for consideration in Baker v. Patterson, 171 Ala. 88, 55 So. 135, where many of the authorities are cited; and the case of Barnett v. Wilson, 132 Ala. 375, 31 So. 521, was expressly overruled. One of the Justices vigorously dissented, but the holding of the Court was to the effect that these decisions "do not require, nor do they permit, a presumption contradictory of the record." [171 Ala. 88, 55 So. 136.] In that case the Court reviewed the action of the trial court in giving for the plaintiff the affirmative charge, and rested a reversal upon the theory that, notwithstanding the fact that the bill of exceptions did not contain all the evidence, it contained sufficient evidence to convince the Court that the case was one for the jury's consideration. The opinion propounds this pertinent inquiry:

"Does the rule hitherto stated in respect to presumptions in favor of the rulings of the trial court require that we shall presume in the presence of this record that the plaintiff abandoned the only case the record tends to support and establish beyond dispute, for an entirely different case of which the record gives no intimation? And shall we presume that the court below has certified to this court a bill of exceptions which contains evidence foreign to the issue tried in that court, and omits all reference to the evidence which formed the basis of the court's ruling? Only so can the record be relieved of the fact, now appearing on its face, that the plaintiff

was not entitled to the general charge. No introduction into the record of presumed evidence, relevant to the issues joined, can eliminate that fact."

This holding was well supported by McKissack v. Witz, Biedler & Co., 120 Ala. 412, 25 So. 21, 22, where likewise the judgment of the lower court was reversed for giving for plaintiff the affirmative charge. The opinion uses this language: "With this evidence in the case, the court gave the affirmative charge for the plaintiff against both defendants. This was erroneous, no matter what other evidence was introduced. So it is of no consequence that the bill of exceptions does not purport to set out all the evidence."

It was also supported in principle by Lamar v. King, supra. The case of Baker v. Patterson, supra, has been approved in more recent decisions. In John Dodd Wholesale Grocery Co. v. Burt, 225 Ala. 438, 143 So. 832, 833, the opinion cites a number of our authorities to the effect that, where the bill of exceptions fails to affirmatively show that it contains all the evidence, any state of facts would be presumed to uphold the rulings of the trial court, and then proceeds: "The foregoing rule, however, like other rules, has some exceptions, as was pointed out in the case of Baker v. Patterson, 171 Ala. 88, 55 So. 135, 136. In this case, this court committed itself to the proposition that, although the bill of exceptions does not purport to set out all the evidence, yet, 'as long as the evidence shown by the bill of exceptions to have been offered by the parties is allowed to stand as identifying the issues of fact between the parties and constituting at least a part of the evidence upon which those issues were determined, the only effect of presuming other evidence favorable to the plaintiff will be to establish a case of conflict' and in which case the general charge would still be erroneous."

The Burt case cites Beard v. Du Bose, 175 Ala. 411, 57 So. 703, 63 So. 318, holding to like effect.

■ It thus appears, therefore, that even as to the general affirmative charge the action of the court is reviewable when, from an examination of the bill of exceptions, the Court is fully convinced that error intervened. But our review of the opinion of the Court of Appeals is a limited one, and, of course, does not permit an examination of the record to discover

whether or not an exception to the general rule is presented. We, therefore, conclude that the present finding by the Court of Appeals that the bill of exceptions does not contain all the evidence, and that the trial court will not be put in error for the refusal of the affirmative charge or the denial of the motion for a new trial upon this ground, is not here subject to review.

But a different question is presented concerning the holding of the Court of Appeals to the effect that refused charges 16 and 17 could not be considered, solely upon the theory that the bill of exceptions failed to contain all the evidence. We think this a misinterpretation of our decisions. The Court cites Garrett v. State, 215 Ala. 224, 110 So. 23; and Liberty Nat. Life Ins. Co. v. Collier, supra. These authorities are to be construed merely to the effect that, indulging all presumptions in favor of the rulings of the trial court in the absence of all the evidence in the bill of exceptions, the refused charges presented nothing upon which reversal could be rested. There was no intention of overthrowing the well-established rule clearly and definitely stated and applied in Handley v. Shaffer, 177 Ala. 636, 59 So. 286, 293, where the Court, all the Justices concurring, said: "Where a refused charge hypothetically instructs the jury on some particular issue or phase of the evidence, it is not always necessary that the bill of exceptions should set out all the evidence, or all of its tendencies. Such a practice has, indeed, been often condemned by this court as unnecessarily incumbering the record, increasing the costs of the appeal, and aggravating the labors of the appellate court. The requirement is that enough of the testimony or its tendencies shall be stated to enable this court to properly understand the question sought to be raised, and to clearly see that the charge does not ignore the. bearing of any conflicting or qualifying testimony, or does not tend to mislead, and is or is not a proper charge to be given in the case on trial. Circuit court rule 32, 2 Code 1907, p. 1526."

As pointed out in that decision, such a holding is in perfect harmony with Circuit Court Rule 32 concerning the preparation of bills of exceptions. Under the Code of 1886, Sec. 2760, it was merely provided in substance that the bill should state the point, charge, or decision wherein the court is supposed to err, with such a statement of the facts as is necessary to make it in-

telligible. In the Code of 1907 Circuit Court Rule 32 is more specific in this regard, as note subdivision 3, which reads as follows: "When a charge is asked and refused, the tendencies of the testimony may be stated to an extent sufficient to show the charge is not abstract," and in subdivision 4 it is clearly stated that only sufficient evidence need be set out to make it appear to the court that the charge does or does not ignore the bearing of any conflicting or qualifying testimony, or does not tend to mislead, or is not a proper charge to be given. This circuit court rule was carried forward into the Code of 1923 and is set forth in Sec. 6438 of that Code. Like provisions are found in Title 7, Sec. 821, Code of 1940.

The Handley case was followed and cited approvingly by the Court of Appeals in Johnston Bros. Co. v. Washburn, 16 Ala. App. 311, 77 So. 461, 463, certiorari denied. Ex parte Washburn, 201 Ala. 698, 77 So. 1002, where it was observed: "In such a case, it is not always necessary that the bill of exceptions should set out all of the evidence or all its tendencies." In Lone Star Cement Co. v. Wilson, supra, in referring to the refusal of special charges, the holding was that they could not be reviewed without a bill of exceptions showing that they were not abstract but were supported by the evidence.

In the very recent case of All States Life Ins. Co. v. Johnson, 239 Ala. 392, 194 So. 877, 880, the bill of exceptions disclosed upon its face that it did not contain all the evidence. Nevertheless, the Court held reversible error was committed in the refusal of charge B requested by the defendant. We there made specific reference to Sec. 6438, Code of 1923, and Rule 32, circuit court practice. The opinion called attention to subdivision 3 above set out. In that case was the following language, here pertinent: "But the refusal (of a requested charge) can and will be revised, if it is shown by the bill of exceptions that the instructions were not abstract, (that is) that there was evidence before the jury upon which they were based and to which they could be applied, or were not addressed to the sufficiency of the evidence. When the court refuses a charge which is apparently pertinent and states a correct proposition of law, this Court will not presume that there was evidence not shown to reverse the ruling, and the cause should not be reversed un-

252

less it appears from an inspection of the entire record that the error complained of has probably injuriously affected the substantial rights of the party complaining. Rule 45, Supreme Court."

Such a holding was in direct harmony with the ruling of this Court in the Handley case, often cited approvingly, and likewise in harmony with the fundamental reasoning underlying the question of review by the appellate courts. And an examination of our authorities discloses that the holding in the Johnson and Handley cases, supra, is in accord with the settled practice of this Court from its early history. See Peden v. Moore, 1 Stew. & P. 71, 21 Am. Dec. 649; Allen v. Booker, 2 Stew. 21, 19 Am.Dec. 33; Brewer v. Strong's Ex'rs, 10 Ala. 961, 44 Am.Dec. 514; Anderson v. McGowan, 42 Ala. 280; Hirschfelder v. Mitchell, 54 Ala. 419; Wilson v. Calvert, 18 Ala. 274. See also Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638.

The expression in the Johnson case: "or were not addressed to the sufficiency of the evidence," as found in paragraph (6) of the opinion, to which the Court of Appeals appears to attach some importance, merely had reference to the affirmative charge, and in no manner was intended to qualify the preceding language of the opinion.

We, therefore, conclude that the Court of Appeals has fallen into error in declining to review requested charges 16 and 17 upon the theory that the bill of exceptions fails to contain all the evidence. That fact alone does not justify a refusal to consider these charges.

We may add these charges are not here for our consideration. That is for determination by the Court of Appeals upon the re-examination of the record in the light of what has here been said.

For the error, therefore, of the Court of Appeals in refusing to consider refused charges 16 and 17, we feel constrained to grant the writ and remand the cause to the Court of Appeals for further consideration.

Writ granted. Reversed and remanded.

All the Justices concur, except STAKELY, J., not sitting.