# WILLIAM TRAGAR v. H. R. JACKSON.[1]

April 6, 1950.

No. 35,085.

*John J. McBrien,* for appellant.
*Grannis & Grannis,* for respondent.

LORING, CHIEF JUSTICE.

This action in conversion arose when one Silverius Schmitt, a farmer in the township of Credit River, Scott county, sold ten cows to defendant, among which were some cows covered by a chattel mortgage given by Schmitt to plaintiff. The mortgage described the property as follows:

---

[1]Reported in 42 N. W. (2d) 16.

"Four (4) Holstein type milch cows;

Four (4) Brown milch cows;

Two (2) Guernsey milch cows;

Two (2) Roan milch cows;

One (1) Blue milch cow;

Three (3) Red milch cows."

The above-described property was declared to be in the possession of Schmitt in the township of Credit River, Scott county, Minnesota. The mortgage was filed in the office of the register of deeds of Scott county, and no issue arises in connection with the filing.

The issue before this court concerns the sufficiency of the description in the above mortgage. The general rule is that the description in a chattel mortgage of the mortgaged property is sufficient if it will enable a third person, aided by inquiries which the instrument suggests, to identify the property. Tolbert v. Horton, 33 Minn. 104, 22 N. W. 126; Schneider v. Anderson, 77 Minn. 124, 79 N. W. 603; Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 A. S. R. 531; Helgeson v. Farmers Co-op. Assn. 160 Minn. 109, 199 N. W. 821. In the case at bar, the description, while perhaps not the best which could have been obtained, was, in our opinion, sufficiently definite to meet the test stated above. Cf. Griffiths v. Wheeler & Barber, 31 Kan. 17, 2 P. 842; Hammond v. Cabaniss, 213 Ala. 221, 104 So. 320; Cass County Bank v. Hulen (Mo. App.) 195 S. W. 74; Payne v. Boutwell, 26 Ala. App. 573, 164 So. 753, certiorari denied, 231 Ala. 311, 164 So. 755. The property was declared to be in Schmitt's possession in the township of Credit River, Scott county. The record does not indicate that at the time the mortgage was executed the mortgaged cattle were part of a larger quantity of the same breed or color in the mortgagor's possession. Nor does it appear that since then Schmitt has had any cattle of like breed or color. Some evidence was introduced to show that the mortgaged cows were mixed with other cows, in particular with those belonging to Francis Schmitt, the mortgagor's brother, but this is not enough to invalidate the constructive notice created by the instrument. Cf. Scrafford v. Gibbons, 44 Kan. 533, 24 P. 968. There is no evidence to

show that the mortgaged cows and the other cows could not be easily distinguished. Cf. Frost & Rider v. Willard, 9 Barb. (N. Y.) 440. On the contrary, plaintiff knew his cows when he saw them. Francis Schmitt was able to identify two of his cows which were in defendant's possession, and Silverius Schmitt, after repeated questioning, reluctantly admitted that half of the cows he sold to defendant were those covered by plaintiff's mortgage. The mortgagor's wife testified that four or five were those included in the mortgage to plaintiff. Thus we are convinced that defendant, armed with the instrument, could, upon inquiry of the parties to the mortgage, have been able to identify the mortgaged cows. Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 A. S. R. 531.

The order denying a new trial must be reversed so that the trial court may determine what property sold by Schmitt to defendant was covered by the mortgage. Normally, it is the court's function to rule upon the sufficiency of the description of the property in the mortgage and the jury's function to determine whether the property in controversy is the same as the property mortgaged. 1 Cobbey, Chattel Mortgages, § 160; Pingrey, Law of Chattel Mortgages, § 159.

Order reversed.