81 So.2d 921

**Clifford C. SHAW, d/b/a Shaw Motor Company,**

v.

**L. C. MELTON.**

**7 Div. 276.**

Court of Appeals of Alabama.

Aug. 9, 1955.

Frank Head and Karl C. Harrison, Columbiana, for appellant.

L. H. Ellis, Columbiana, for appellee.

PRICE, Judge.

This is an action begun by attachment by appellant against appellee to enforce alleged separate and several liens upon various motor vehicles and other equipment provided for under Section 25 et seq., Title 33, Code.

The affidavit alleges that the defendant is justly indebted to plaintiff in the sum of $186.36, for work, labor and materials furnished in and about the repair of the various pieces of property therein described, and that the ground on which the attachment was sued out is that the said "work, labor and materials was furnished for the said L. C. Melton, who is the owner of said property, and said amount is for the value of said work, labor and materials, and is due and unpaid, and a lien upon said property is claimed."

Defendant filed a plea in abatement setting up that the attachment writ and proceeding thereon seek to enforce a mechanic's lien on eight separate pieces of property belonging to defendant and "that the total of said liens claimed amount to $186.-36, and they constitute separate liens on said property and not joint liens as shown in the affidavit; that each of said liens are less in amount than $50.00." Defendant averred further in said plea that the court was without jurisdiction to try said cause because each of said liens is for a less sum than $50.

Defendant also filed motion to quash the attachment writ upon the ground that the writ and the proceedings thereon seek to enforce a mechanic's lien on eight separate pieces of personal property and that each of said liens is separate and distinct from each other and they are not joint liens.

Plaintiff's demurrers to the plea in abatement and the motion to quash were overruled.

Plaintiff then offered to file amended attachment bond, affidavit and writ. Defendant objected and the court sustained the objection.

The court rendered judgment sustaining the plea in abatement and quashing the writ. Plaintiff appeals.

Section 219, Title 7, Code 1940, provides that "All actions on contracts, express or implied, for the payment of money, whether under seal or not, though some may contain a waiver of the right of exemption and

others not, may be united in the same action, and the issues may be determined separately by the jury under the direction of the court, and the costs fairly apportioned."

■ In view of this section, we know of no reason why separate liens upon several articles against the same party may not be enforced in one attachment proceeding.

■ There is no merit in the contention that the court was without jurisdiction because each of said liens is less in amount than $50.

In Wood v. Traders' Securities Co., 221 Ala. 629, 130 So. 398, 400, where the suit was in separate counts upon five trade acceptances, each of which was less in amount than $50, the court stated: "But the aggregate of these acceptances was far in excess of this jurisdictional sum, and the counts seeking recovery upon such separate acceptances were properly joined in the complaint under the provisions of section 9466, Code 1923. The jurisdictional point is not well taken. Wood [& Pritchard] v. McClure, 209 Ala. 523, 96 So. 577; Ala. and So. Digest, [Courts, ☞121(4)]."

■ We are of the opinion that under the provisions of Section 5 of Title 33, Code 1940, the affidavit should state items and detail as to each lien claimed and not merely the aggregate amount of the debt.

But Section 886 of Title 7, Code, provides that: "The attachment law must be liberally construed to advance the manifest intent of the law; and the plaintiff, before or during the trial, must be permitted to amend any defect of form or of substance in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in the affidavit, if the plaintiff, his agent, or attorney, will make a sufficient affidavit or for any defect in the bond, or for want of a bond, if the plaintiff, his agent, or attorney, is willing to give or substitute a sufficient bond." See also Engram v. Thoma, 212 Ala. 129, 101 So. 834.

■ Plaintiff's exhibits A and B "Amended Attachment Bond, Affidavit and Writ" set out the amount of the lien claimed for work, labor and materials used in connection with the repair of each separate article, and we are of the opinion the trial court erred in refusing to permit the plaintiff to amend the attachment affidavit, bond and writ, and in sustaining the plea in abatement and quashing the writ.

The complaint was in three counts which attempted to follow the form of the common counts under form 10 of Sec. 223, Tit. 7, Code, the first count is for $186.36 due by account; the second count is for $186.36 for merchandise, goods and chattels sold to defendant; the third count is for $186.36 for work and labor done by plaintiff at defendant's request.

The record also shows the plaintiff filed an amended complaint, setting up in separate counts each vehicle upon which a lien was claimed, with the amount claimed for the repair of said item.

■ Of course, while we conclude that the several liens may properly be joined in one proceeding, we are of the opinion they should be set up in separate counts in the complaint as was sought to be done in the amended complaint.

Reversed and remanded.